**KELLEY v. UNITED STATES.**

No. 4760.

United States Court of Appeals
Tenth Circuit.

Jan. 27, 1954.

Ralph E. May, Denver, Colo., for appellant.

Robert E. Shelton, U. S. Atty., and B. Andrew Potter, Asst. U. S. Atty., Oklahoma City, Okl., for the United States.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing an application for modification of a sentence by suspending the execution thereof under the Federal Probation Act, 18 U.S.C.A. § 3651.

On a plea of guilty to an information, Kelley on October 29, 1952, was sentenced to the custody of the Attorney General for imprisonment for a term of five years to commence "upon the expiration of, or legal release" from the sentence he was then serving at the Federal Reformatory at El Reno, Oklahoma. On December 24, 1952, the court modified the sentence in the instant case by reducing the term thereof from five to three years.

On August 25, 1953, Kelley filed his application for modification of the sen-

tence in the instant case by suspending the execution thereof. At the time he filed such application, Kelley had not commenced the service of such sentence. The court dismissed the application on the ground that it was without jurisdiction to grant probation.

Section 1 of the Probation Act, 43 Stat. p. 1259, old Title 18 U.S.C.A. § 724, in part, provided:

> "The courts of the United States having original jurisdiction of criminal actions, * * * shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; * * *."

Section 724, supra, in new Title 18 (Crimes and Criminal Procedure), § 3651, was revised to read, in part, as follows:

> "Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States, * * * may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best."

Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., in part, provides:

> "* * * The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court

denying an application for a writ of certiorari."

The Reviser's notes to § 3651 state that the words omitted from the first sentence were eliminated because they were unnecessary. The notes indicate no purpose to change the meaning or effect of the original statute. Wherever a substantive change was intended the Reviser's notes so indicate.[1]

Under § 1 of the original Probation Act the court could suspend the execution of the sentence and place the defendant on probation at any time after conviction and before the defendant commenced the service of the sentence.[2]

We are of the opinion it was not the intent of the Reviser to change the meaning or effect of § 1 as originally enacted, and that the time within which probation may be granted is governed by the Probation Act and not by Rule 35.[3]

The order is reversed and the cause remanded with instructions to entertain the application.

---

1. Kirk v. United States, 9 Cir., 185 F. 2d 185, 188.

2. United States v. Murray, 275 U.S. 347, 358, 48 S.Ct. 146, 72 L.Ed. 309; Pernatto v. United States, 3 Cir., 107 F.2d 372, 373, and cases there recited.

3. Kirk v. United States, 9 Cir., 185 F.2d 185, 188.