Lonnie **AFFRONTI**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15220.

United States Court of Appeals,
Eighth Circuit.

April 13, 1955.

Writ of Certiorari Granted June 6, 1955.

See 75 S.Ct. 884.

Collet, Circuit Judge, dissents.

Harry F. Murphy, Kansas City, Mo., filed brief for appellant.

Edward L. Scheufler, U. S. Atty., and Kenneth C. West, Asst. U. S. Atty., Kansas City, Mo., filed brief for appellee.

Before SANBORN, COLLET and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

The United States District Court for the Western District of Missouri on January 26, 1944, upon the verdict of a jury finding the appellant guilty upon nine counts of a ten-count indictment charging illegal sales of narcotics, entered a judgment sentencing him to five years imprisonment under each of the nine counts, the sentences to be served consecutively. The judgment provided that he was to serve four of the five-year periods of imprisonment commencing after the termination of a sentence he was then serving in the Missouri State Penitentiary. The execution of the sentences imposed by the judgment under five of the nine counts of the indictment was suspended, and as to those sentences the appellant was placed on probation for the period of twenty-five years, the probation to commence after he had served the sentences execution of which was not suspended. He appealed from this judgment, which was affirmed by this Court in October of 1944. 145 F.2d 3.

The appellant was, on October 13, 1949, released from the Missouri State Penitentiary and transferred to the United States Penitentiary at Leavenworth, Kansas, in execution of the judgment of the federal District Court, and has been in federal executive custody ever since.

In July of 1953 the appellant filed a motion in the District Court, stating that the service of the first of the five-year sentences or periods of imprisonment he was required to serve would soon be completed, and asking that the execution of the remaining unserved sentences or periods of imprisonment be suspended, and that he be placed on probation.

The judge who had sentenced the appellant was no longer a member of the District Court. The motion was heard by Chief Judge Duncan of that court. In denying the motion, he said:

"In his motion the defendant contends that unless he is placed on probation for the remainder of the sentences imposed by this court, that he will not be eligible for release until November 26, 1962; further that his prison record is without blemish; that the interests of society have been served by the long period of confinement which has been imposed upon him, and that the best interests of justice will be served by placing him on probation for the remainder of the term of his sentences.

"It had been the custom of this court until Phillips v. United States, 8 Cir., 212 F.2d 327, decided May 4, 1954, in instances where, in the opinion of the court the best interests of justice would be served, to suspend the execution of a sentence, the service of which had not yet begun and place the defendant on probation for the remainder of such term, notwithstanding the fact that such defendant had begun the service of a sentence on a prior count imposed at the same term as the sentence which was later suspended.

**152**

"Before the decision in Phillips v. United States, supra, apparently the courts in the Ninth and Tenth circuits had determined that such action was within the right of the court, but of course, the opinion in the Phillips case is binding upon this court. Kirk v. United States, 9 Cir., 185 F.2d 185; White v. Steigleder, 10 Cir., 37 F.2d 858."

We are now urged by counsel for appellant to overrule our decision in Phillips v. United States, 8 Cir., 212 F.2d 327, and to follow the opinion of the Court of Appeals for the Ninth Circuit in Kirk v. United States, 185 F.2d 185, which was relied upon in Kelley v. United States, 10 Cir., 209 F.2d 638, and which he assures us correctly states the applicable law. While we regret that the Phillips case did not reach the Supreme Court on certiorari, nothing has been brought forward by the appellant which tends in any way to indicate that this Court's decision in the Phillips case was incorrect.

As strongly indicating that the Phillips case was correctly decided, we note that Judge Chestnut, of the United States District Court for the District of Maryland, recently in two cases gave careful consideration to the question of the power of a District Court to grant a federal prisoner probation with respect to unserved portions of a cumulative sentence which was being served, United States v. Stern, D.C., 123 F.Supp. 118, 125, and United States v. Bernett and Mann, D.C., 123 F.Supp. 841, 844–847, and reached the same conclusion that was reached by this Court in the Phillips case,—declining, as this Court did, to follow the decision of the Ninth Circuit in the Kirk case. An appeal was taken to the Court of Appeals for the Fourth Circuit in each of the cases decided by Judge Chestnut, and his decisions were affirmed. Stern v. United States, 4 Cir., 219 F.2d 263, and Mann v. United States, 4 Cir., 218 F.2d 936.

The decision of this Court in the Phillips case is adhered to. It calls for the affirmance of the order appealed from.

The appellant may apply to the Supreme Court for certiorari without prepayment of further Clerk's fees or costs in this Court.

The order appealed from is affirmed.

COLLET, Circuit Judge, dissents for the reasons stated by him in his dissenting opinion in the case of Phillips v. United States, 8 Cir., 212 F.2d 327, 336.