## AFFRONTI *v.* UNITED STATES.

No. 71.   Argued November 15, 1955.—Decided December 5, 1955.

*Harry F. Murphy* argued the cause and filed a brief for petitioner.

*John V. Lindsay* argued the cause for the United States. On the brief were *Solicitor General Sobeloff, Assistant Attorney General Olney, Charles F. Barber, Beatrice Rosenberg* and *Isabelle R. Cappello.*

MR. JUSTICE REED delivered the opinion of the Court.

Affronti was tried in the United States District Court for the Western District of Missouri on a ten-count indictment charging him with illegal sales of narcotics.   A jury found him guilty on counts two through ten, and a five-year sentence was imposed on each count to be served consecutively.   At the time of sentencing, execution of the sentences on counts six through ten was suspended and probation granted, the probation to commence at the

expiration of the sentences on counts two through five. While serving his sentence on count two, petitioner filed a motion in the District Court seeking suspension of sentence and probation on counts three, four and five. The motion was denied upon the controlling authority of *Phillips* v. *United States,* 212 F. 2d 327 (C. A. 8th Cir. 1954), which held that the district courts have no power to suspend sentence after a prisoner has begun to serve a cumulative sentence composed of two or more consecutive sentences. The Court of Appeals affirmed,[1] and we granted certiorari[2] because of the existence of a conflict between the decision below and the decision of the Ninth Circuit in *Kirk* v. *United States,* 185 F. 2d 185.[3]

Prior to 1925 the district courts had no power at all to suspend sentences and release a convict on probation. *Ex parte United States,* 242 U. S. 27. This situation was remedied by Congress when it passed the Probation Act in 1925.[4] That Act gave power to the federal courts, "after conviction or after a plea of guilty or nolo contendere," to suspend sentence and place the defendant on probation.[5] The purpose of the Act, as revealed by its legislative history, was discussed by this Court in *United States* v. *Murray,* 275 U. S. 347. That case also presented a question concerning the time within which a district court can suspend a sentence and grant probation.

[1] 221 F. 2d 150.

[2] 349 U. S. 951.

[3] The Fourth Circuit appears to be in accord with the Eighth Circuit on this question. *Mann* v. *United States,* 218 F. 2d 936. The Tenth Circuit, *obiter dictum,* in *White* v. *Steigleder,* 37 F. 2d 858, 859, is in accord with the Ninth Circuit. See also *Kelley* v. *United States,* 209 F. 2d 638.

[4] 43 Stat. 1259.

[5] The power extended to sentences for convictions of any offense not punishable by death or life imprisonment, and the exercise of the power was discretionary and conditioned upon the ends of justice and the best interests of the public and the defendant.

In *Murray* this Court observed that, in view of the existence of provisions for parole and executive clemency, it would seem unlikely that Congress would have intended to make the probation provisions applicable during the same period of time. *Id.,* at 356. It was concluded that it would be more reasonable to construe the Probation Act so as to reconcile the three methods of mitigation of criminal sentences, thereby "making them as little of a repetition as we can." *Id.,* at 357. This and other considerations led the Court to hold that a district judge had no power under the Act to place a convict on probation after he had begun the execution of his sentence.

The decision in the *Murray* case does not, however, completely dispose of the question now before the Court. Since the *Murray* decision there has been a language change in the statutory provisions for probation. In *Murray* the Court was considering the question of power of the district courts to place a convict on probation after he had commenced to serve a single general sentence.[6] Here we are concerned with the power to grant suspension of sentences which are, technically, wholly unexecuted because they constitute the unserved terms of a series of consecutive sentences.

In 1948, in connection with the revision and codification of Title 18 of the United States Code, the language of the

---

[6] The *Murray* decision embraced two cases consolidated for argument. In one of the cases the District Court had suspended a three-month prison sentence and placed the convict (Murray) on probation one day after he had commenced serving the sentence. In the other case the prisoner (Cook) had been sentenced to "a total of fourteen years and nine months" imprisonment, and the District Court suspended the remainder of his sentence and placed him on probation after he had served approximately two years of the sentence.

Whether Cook's sentence was in fact a cumulative sentence of a number of consecutive sentences (see *Phillips* v. *United States,* 212 F. 2d 327, 332) is unimportant at this time. His sentence was treated as if it had been a single general sentence.

Probation Act with which we are concerned was changed. The *statute* now provides for suspension of sentence and probation "Upon entering a judgment of conviction." [7] The substitution of the quoted words for "after conviction or after a plea of guilty or nolo contendere," the phrase which appeared in the Probation Act prior to the 1948 codification of Title 18, does not appear to have resulted in any substantive change in the law. The Reviser's Notes which accompanied the 1948 codification merely stated the following with respect to this amendment: "Words 'after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment' were omitted from first sentence as unnecessary." [8] The Reviser's Notes were used by Congress as a full explanation of all changes made in the text of the existing law.[9] It is unlikely, therefore, that Congress intended the phrase as it appears in the present section to have a different meaning than the phrase had prior to the revision.[10]

The more significant difference between the *Murray* case and the present one is the fact that here we are dealing with a cumulative sentence composed of a number of distinct sentences which are to run consecutively.[11] Petitioner notes that while he has begun the execution of the first of the series of sentences, he has not commenced the execution of the sentences which he is now seeking to have suspended. He reasons from this fact that the District Court still has probationary power over the latter sentences. Of course the words of the statute do not themselves require adoption of petitioner's argument. In fact the language of the present probation provision, and

[7] 62 Stat. 842, 18 U. S. C. § 3651.

[8] H. R. Rep. No. 304, 80th Cong., 1st Sess., App. A173.

[9] *Id.*, at 9.

[10] See *Kirk* v. *United States*, 185 F. 2d 185, 188.

[11] See note 6, *supra*.

of the original provision as interpreted by *Murray,* suggests a contrary result.

In the final analysis, this case must be governed by the meaning of the statute. Are we to read the statute to mean that the courts should be able to suspend the uncommenced terms of a cumulative sentence after the prisoner has been imprisoned and entered upon the execution of a prior term? We think not. The *Murray* opinion points out that it is unlikely that Congress would have found it wise to make probation apply in such a way as to unnecessarily overlap the parole and executive-clemency provisions of the law. Federal judicial power to permit probation springs solely from legislative action. *Ex parte United States, supra.* The authority to put a convict on probation for an uncommenced term, after service of an earlier term has begun, has not been clearly given. Therefore, in construing the provisions for probation, we adhere to the *Murray* interpretation to avoid interference with the parole and clemency powers vested in the Executive Branch.[12] We conclude that the probationary power ceases with respect to all of the sentences composing a single cumulative sentence immediately upon imprisonment for any part of the cumulative sentence.[13]

---

[12] That a contrary construction would result in an unnecessary overlap between probation and parole provisions is made clear by a reference to 18 U. S. C. § 4202. That section provides that a federal prisoner may be paroled after he has served one-third of the "term or terms" for which he is confined. Thus, if serving a cumulative sentence composed of two or more consecutive sentences, a prisoner is eligible for parole when he has served one-third of the total sentence. See also 18 U. S. C. § 4161, which provides that "When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis" for computing time off for good behavior.

[13] This conclusion as to the meaning of the statute is further supported by a recognition of some of the practicalities of sentencing. At the time of entering a judgment of conviction, the district judge

We note the argument that since Congress has authorized the sentencing court to limit probation to less than all of the terms of a cumulative sentence,[14] it should follow that the probation powers for each term exist until that term is begun.  But the power to limit a grant of probation to less than an entire cumulative sentence does not compel a conclusion that the power to grant probation as to each of the separate sentences exists until the convict begins to serve each.  We think, moreover, this argument is met by our conclusion that the provisions for probation should be interpreted to avoid, so far as possible, duplicating other existing provisions for the mitigation of criminal sentences.  See note 12, *supra.*

Congress has done nothing since this Court's decision in *United States* v. *Murray, supra,* to indicate that probation power should be applied after the beginning of any term of a sentence.

*Affirmed.*

---

is in the best position to fix the terms of a convict's sentence.  Thereafter, however, the judge becomes progressively less familiar with the considerations material to the adjustment of the punishment to fit the criminal.  At the same time, the officials of the Executive Branch responsible for these matters become progressively better qualified to make the proper adjustments.  Cf. *United States* v. *Soeder,* 120 F. Supp. 594, 597; *United States* v. *Bernett,* 123 F. Supp. 841, 846.  These considerations apply as much to a series of consecutive sentences as to a simple general sentence.

But see Note, Application of Federal Probation to Convicts Serving Consecutive Sentences, 64 Yale L. J. 260, 265–268 (1954).

[14] 18 U. S. C. § 3651.  The provision for probation "limited to one or more counts or indictments" was added by the 1948 codification of Title 18.  The Reviser's Notes indicate that this provision was added because it "reflects exactly the practice followed by the Federal courts."  H. R. Rep. No. 304, 80th Cong., 1st Sess., App. A173. Thus, this addition did not result in a substantive change in the Probation Act and does not of itself reveal any extension thereof.