Henry MAYES, Petitioner,

v.

Paul J. MADIGAN, Warden, United States Penitentiary, Alcatraz, California, Respondent.

Civ. No. 35004.

United States District Court
N. D. California, S. D.

Dec. 5, 1955.

Rehearing Denied Feb. 10, 1956.

Sidney Feinberg, San Francisco, Cal., for petitioner.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for respondent.

OLIVER J. CARTER, District Judge.

Henry Mayes, an inmate of the United States Penitentiary at Alcatraz, California, petitions this Court for a writ of habeas corpus, contending that he has served all sentences for which he was committed to custody (less time allowed for good conduct).

On March 15, 1946, petitioner was sentenced by the United States District Court for the Southern District of Indiana to a five year term of imprisonment in Criminal Case No. 8515; on the same day petitioner was sentenced by the same court to an additional five year term of imprisonment in Criminal Case No. 8516, the sentence under case No. 8516 to begin at the expiration of the sentence in case No. 8515.

On October 21, 1946, petitioner was sentenced by the United States District Court for the Eastern District of Arkansas to a five year term of imprisonment in Criminal Case No. 14404, "* * * said sentence to begin at expiration of sen-

**2**

tence he is now serving." The issue here is whether the sentence imposed in case No. 14404 began at the expiration of the five year term imposed in case No. 8515, and ran concurrently with the term imposed in case No. 8516 (as petitioner contends), or whether that sentence imposed in case No. 14404 began at the expiration of the term imposed in case No. 8516, and ran consecutively to it (as respondent contends). Petitioner was sentenced to a fourth term of five years on October 21, 1946, by the United States District Court for the Eastern District of Arkansas in Criminal Case No. 14405, said sentence to run consecutively to the term imposed that same day in case No. 14404.

Petitioner does not challenge the validity of any of these four sentences; petitioner claims that he has served all four, contending that the sentences in case No. 8516 and in case No. 14404 were served concurrently, and that therefore petitioner is entitled to immediate release.

A case involving a fact situation very similar to the case at bar is reported in the tenth circuit: Ong v. Hunter, 10 Cir., 196 F.2d 256. There the petitioner had been sentenced to a five year term on each of three counts of the same indictment, the three five year terms to run consecutively. While the petitioner was serving the first five year term, he was sentenced to a three year term in another case, said sentence " ' * * * to begin at the expiration of the sentence the defendant is now serving in the United States Penitentiary and run consecutively thereto.' " The court of appeals held, without citation of any authority that would be helpful here, that the sentencing court intended the three year sentence to be served in addition to the fifteen years which had already been imposed.

The meaning of the word "sentence" has been discussed in several cases in which appellate courts decided whether a district court had power to grant probation as to one of several consecutive sentences after the petitioner had begun to serve the first of those consecutive sentences. In Phillips v. United States, 8 Cir., 212 F.2d 327, 335, Circuit Judge Collet dissenting, the court cites the Ong case with approval, for the proposition that successive terms of imprisonment imposed under different counts of the same indictment are *not* separate sentences. The majority of the court recognizes that its holding is contrary to a prior case in the ninth circuit: Kirk v. United States, 9 Cir., 185 F.2d 185, 187, in which the court held:

"A prisoner serving the first of several consecutive sentences is not serving the other sentences."

The Kirk case was followed in Crow v. United States, 9 Cir., 186 F.2d 704, 706, in which the court again held:

"A prisoner serving the first of two consecutive sentences is not serving the second sentence."

The Phillips case was followed in Affronti v. United States, 8 Cir., 221 F.2d 150, certiorari granted 349 U.S. 951, 75 S.Ct. 884, Circuit Judge Collet dissenting for the reasons he gave in his dissent in the Phillips case.

Although there is a conflict among the circuits on this point, this Court is bound to follow the interpretation of the Court of Appeals for the Ninth Circuit set forth in the Kirk and Crow cases.

Furthermore the usefulness of Ong v. Hunter, supra, as a precedent for the case at bar, is considerably diminished by a later case in the same circuit, Kelley v. United States, 10 Cir., 209 F.2d 638, which follows the Kirk case as to the power of a district court to suspend execution of the second of two consecutive sentences, while the prisoner was serving the first of those sentences, and where the sentences were imposed under different indictments (rather than under different counts of the same indictment, as in the Kirk, Crow, Ong, Phillips and Affronti cases). In the case at bar each of the four sentences imposed against the petitioner was imposed under a different indictment; in view of the Kelley decision, it would appear that the tenth circuit treats consecutive sentences im-

posed under different indictments as separate sentences. This interpretation of the meaning of Kelley v. United States, supra, finds support in Mann v. United States, 4 Cir., 218 F.2d 936, 939, in which the court follows the Phillips case rather than the Kirk case, but recognizes that the rule is different where the consecutive sentences are imposed under different indictments.

■ Therefore it is the conclusion of this Court that the rule in this circuit, and probably the rule in other circuits as well, is that where consecutive sentences are imposed under different indictments, a prisoner serving one of those sentences is not serving any of the others. That conclusion brings this Court to petitioner's main contention, that the sentencing court used ambiguous language to indicate when the sentence in Criminal Case No. 14404 was to begin. The Court of Appeals for the Ninth Circuit expressly declined to pass upon a similar contention in McNealy v. Johnston, 9 Cir., 100 F.2d 280, because the question was prematurely raised; this Court saved the question in Williams v. Swope, Civil No. 34119, N.D.Cal., November 2, 1954, because the case was disposed of on other grounds.

When petitioner was sentenced in case No. 14404, he was serving a sentence imposed in case No. 8515, and was not serving the sentence that had been imposed in case No. 8516; the sentence in case No. 14404 was to begin "at the expiration of sentence he is now serving." The respondent argues that the sentencing court must have meant to impose a term in case 14404 consecutive to the sentence in case 8516, because the sentencing court could not have meant anything else. But it was within the power of that court to impose a term in case 14404 concurrent with the sentence in case 8516, and that is at least an equally reasonable construction of the language used. When petitioner came before the second court for sentencing, he had already been sentenced to a total term of ten years; the second court could have meant to impose an additional five year term, as petitioner contends, or it could have meant to impose an additional ten year term, as respondent contends—the language used is susceptible of either interpretation.

■ Since it is the opinion and conclusion of this Court that the language in question is ambiguous, and is equally susceptible of two different meanings, the sentences imposed by the second court do not reveal with fair certainty the intent of that court, and the ambiguity must be resolved in favor of the petitioner. United States v. Daugherty, 269 U. S. 360, 363–364, 46 S.Ct. 156, 157, 70 L.Ed. 309. In the Daugherty case the Supreme Court said:

"* * * similar unfortunate causes should admonish the trial courts to require the use of meticulously precise language in all judgment entries. Especial care is essential where sentences for crime are imposed."

The petitioner should be discharged from custody. Let the Writ issue.

### On Rehearing

Respondent moves for a rehearing, on the ground that subsequent to this Court's order discharging the petitioner from custody, the case of Affronti v. United States, 350 U.S. 79, 76 S.Ct. 171, was decided, in which the Supreme Court disapproved Kirk v. United States, 9 Cir., 185 F.2d 185, 187—a case cited by this Court in support of its order discharging the petitioner.

Neither the Affronti case nor the Kirk case directly involves the point to be decided here. Those cases are concerned with the power of a district judge to suspend sentences which are unexecuted in that they constitute the unserved terms of a series of consecutive sentences. The case at bar turns upon whether or not the language used by a sentencing court was ambiguous.

The Kirk decision was based in part upon the statement of the court that "A prisoner serving the first of several

**4**

consecutive sentences is not serving the other sentences." That statement was used by this Court as a partial guide to its interpretation of the meaning of the word "sentence." In the Affronti case the Supreme Court did not discuss the meaning of the word "sentence," but based its decision on what it believed was the intent of Congress in enacting the Probation Act of 1925. The Court said [350 U.S. 79, 76 S.Ct. 173]:

> "The Murray opinion [United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309] points out that it is unlikely that Congress would have found it wise to make probation apply in such a way as to unnecessarily overlap the parole and executive clemency provisions of the law. * * * Therefore, in construing the provisions for probation, we adhere to the Murray interpretation to avoid interference with the parole and clemency powers vested in the Executive Branch."

Thus the Supreme Court disapproved Kirk v. United States not because of the interpretation of the word "sentence" in the Kirk case, but because it adopted a different interpretation of the Probation Act of 1925. The Affronti case sheds no light on the meaning of the word "sentence" when the word is used in connection with a cumulative sentence consisting of several consecutive sentences. The opinion of the Court in Affronti sometimes refers to a cumulative sentence as a single sentence, and at other times refers to it as a series of separate sentences. This serves to emphasize the ambiguity of the word "sentence" when used with reference to a cumulative sentence made up of a series of consecutive sentences.

Since the Affronti case does not remove the ambiguity from the words of the sentencing court involved in the case at bar, this Court's order of December 9, 1955, will stand.

It is ordered that respondent's petition for a rehearing be, and the same is hereby denied.