Edgar **LABAT** and Clifton Alton Poret

v.

Hon. Maurice **SIGLER,** Warden of the Louisiana State Penitentiary, Angola, Louisiana, on Application for a Writ of Habeas Corpus.

Misc. No. 550.

United States District Court
E. D. Louisiana,
New Orleans Division.

May 27, 1958.

G. Wray Gill, G. H. Schreiber, Simmie R. Monroe, New Orleans, La., for relators and petitioners.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., John E. Jackson, Jr., Weldon Cousins, New Orleans, La., for the State of Louisiana.

**J. SKELLY WRIGHT, District Judge.**

Petitioners, both Negroes, are condemned to die for the rape of a white female in the city of New Orleans. They were convicted by jury and their conviction was affirmed by the Supreme Court of Louisiana. State v. Labat, 226 La. 201, 75 So.2d 333. The Supreme Court of the United States also affirmed the conviction after granting a writ of certiorari limited to an attack on the grand jury venire. Michel v. Louisiana, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83. In this application for a writ of habeas corpus, petitioners contend that they were convicted on the perjured testimony of one Earl Howard, which perjury was coerced by the police. This issue was neither raised nor passed on during petitioners' original trial. However, the state remedy with respect to it has been ex-hausted by the submission of this issue via application for writ of habeas corpus to the Supreme Court of Louisiana, which application was denied. State of Louisiana ex rel. Poret and Labat v. Sigler, No. 43799, decided September 25, 1957. An application for writ of certiorari to the Supreme Court of the United States from this denial was also denied, but the cause was remanded to this court [1] for further consideration of the application for habeas corpus in view of the exhaustion by petitioners of state remedies. Poret v. Sigler, 355 U.S. 60, 879, 78 S.Ct. 144, 2 L.Ed.2d 107, 109.

A full hearing, including the testimony of twenty-four witnesses and the introduction of, several documents, was conducted by this court. The evidence shows that on the early morning of November 12, 1950, Earl Howard, a Negro, was on the corner of Thalia and South Galvez Streets in the city of New Orleans. He saw Robert Penedo and Helen Rajek, both white, knocking on the front door of the home of Miss Rajek's sister located on that corner. Miss Rajek's brother-in-law also operated a grocery at that location and Miss Rajek had seen Howard previously around the grocery store.

When no one in the home of Miss Rajek's sister and brother-in-law responded to their knocking, Penedo and Miss Rajek departed, proceeding out Thalia Street toward Broad Street. Shortly after they left, the petitioners, Poret and Labat, came to the corner of Thalia and South Galvez where they spoke to Howard. Poret and Labat then followed Penedo and Miss Rajek out Thalia Street. When Poret and Labat overtook Penedo and Miss Rajek, Labat jumped Penedo from behind while Poret seized Miss Rajek and took her off into an adjoining alley. Penedo broke free of Labat and ran back to Thalia and South Galvez where he called the police and returned with them to the scene of the crime. On seeing the police, Labat and Poret ran, leaving Miss Rajek in the alley

---

1. This court had denied the application for writ of habeas corpus for failure to exhaust state remedies. 28 U.S.C. § 2254.

where both had assaulted her, one holding her while the other had intercourse with her.

Miss Rajek and Penedo, both at the trial in the state court as well as in this court, identified Poret and Labat as their attackers. Howard testified in the state court that he had talked with Poret and Labat at the corner of Thalia and South Galvez at the time in question and last saw them following Penedo and Miss Rajek out Thalia Street. In this court Howard, in some parts of his testimony, reiterated what he had said in the state court, while in other parts, Howard indicated that he was not certain the two men he saw were Poret and Labat. In the interim between the trial in the state court and the hearing in this court, Howard had signed various statements prepared by different people stating that he committed perjury at the trial of Poret and Labat and that this perjury was coerced by the New Orleans Police. At the hearing in this court, Howard specifically denied again and again that the New Orleans Police had coerced him in any way in giving his testimony in the state court.

The witness Howard appears to be a person of low mentality. Unquestionably, as the evidence shows, he has been subjected to great pressures from persons seeking to help these petitioners since his testimony in the state court. Certainly his credibility leaves much to be desired, but there is no evidence whatever, other than the statements prepared by others and signed by Howard, that Howard either committed perjury or was coerced into committing perjury. While Howard definitely was an important witness in the state's case against the petitioners, the testimony of Penedo and Miss Rajek was at least as important. Both specifically identified the petitioners, not only in the state court trial but in this court, as the two persons who had raped Miss Rajek. Their credibility is unchallenged except in so far as the possibility of human error is always present in the identification of persons in the circumstances in suit.

Petitioners, throughout this long litigation, have been represented by competent counsel of their own choosing. Their case has been considered by the Supreme Court of Louisiana and the Supreme Court of the United States on two separate occasions. Their case has been before the lower courts of the state and nation innumerable times. This court has, in effect, retried the petitioners for the offense of which they have been convicted. While it must be owned that the conviction of a Negro of rape of a white female in this state should be subjected to the severest scrutiny, on the basis of the record made here, this Court cannot say that these petitioners were denied due process of law.

Writ discharged.