**UNITED STATES of America, Plaintiff,**

v.

**Jim Frank REYNOLDS, Defendant. Crim. A. No. 624.**

United States District Court
W. D. Arkansas,
Hot Springs Division.

Nov. 4, 1961.

---

Chas. W. Atkinson, U. S. Atty. for Western Dist. of Ark., Fort Smith, Ark., for U. S.

No appearance for defendant.

JOHN E. MILLER, Chief Judge.

On October 10, 1961, the defendant addressed a letter to the court requesting, for reasons stated therein, that the court suspend the sentences that had been imposed on April 21, 1960. To that letter the court, on October 14, 1961, advised the defendant that the court was without authority to reduce or modify a person's sentence after 60 days have elapsed since the date the sentence was imposed.

On October 25, 1961, the defendant acknowledged receipt of the letter of October 14, 1961, and asked the court to further consider its decision as set forth in its letter of October 14, 1961.

I am today directing that the Clerk of the Court file as part of the record of this case the above letters of the defendant, together with the letter of the court, as background and basis for the order hereinafter entered.

The indictment of the defendant contained three counts. Count 1 charged him with possessing and having under his control a distillery apparatus set up, used and intended to be used for the distillation of distilled spirits, without having the same registered as required by law, in violation of 26 U.S.C., Secs 5174 and 5601.

Count 2 charged that the defendant possessed 58 gallons of distilled spirits, to-wit, whisky, the immediate containers thereof not having affixed thereto in such manner as to be broken on opening said containers stamps evidencing the tax thereon, in violation of 26 U.S.C. Secs. 5008(b) and 5642.

Count 3 charged that the defendant carried on the business of a distiller of distilled spirits without having given bond as required by 26 U.S.C. Sec. 5606.

Upon arraignment the defendant entered a plea of guilty to all three counts and was sentenced on Count 2 to imprisonment at hard labor for a period of three years in accordance with 26 U.S.C. Sec. 5642.

On Count 1 the defendant was sentenced to two years imprisonment and to pay a fine of $100 and a penalty of $500, both the fine and penalty being placed on execution. On Count 3 the defendant was sentenced to two years imprisonment and a fine of $100, and the fine was placed on execution.

The judgment further provided that the sentences on Counts 1 and 3 should run concurrently to the sentence on Count

2, and all sentences of this court to begin at the expiration of sentence of three years imposed on defendant by the United States District Court for the Eastern District of Arkansas.

It now appears that the defendant is serving the sentence imposed in the Eastern District of Arkansas and has not begun service of the sentences imposed by this court on April 21, 1960.

The question is whether this court has the right to suspend the sentences imposed by it in view of the fact that the defendant has not begun the service thereof and is still serving the sentence imposed by the Federal Court for the Eastern District of Arkansas.

In Phillips v. United States, 8 Cir., 1954, 212 F.2d 327, the court at page 328 stated:

"The question for decision is whether a District Court which has entered a judgment of conviction of a defendant upon an indictment or information containing a number of counts and has sentenced him to serve a period of imprisonment under each count—the periods to run consecutively,—may, *after the defendant has commenced the service of his sentence*, suspend, for purposes of probation, the further execution of it with respect to completely unserved periods of imprisonment."

At page 331 the court said:

"We are convinced that Congress, when it passed the Probation Act of March 4, 1925, 43 Stat. 1259, 18 U.S.C. (1940 Ed.) § 724, and when it enacted Chapter 231 of Title 18 U.S.C., did not intend to empower a District Court to suspend the execution of any part of a sentence of imprisonment imposed by a final judgment in a criminal case, after the defendant had entered upon the execution of the sentence."

The Phillips case did not reach the Supreme Court of the United States, but the same question came before the Court of Appeals for the Eighth Circuit in Affronti v. United States, 8 Cir., 1955, 221

F.2d 150, and in that case the Court of Appeals reaffirmed its decision in the Phillips case.

Certiorari was granted in the Affronti case on June 6, 1955, and the Supreme Court of the United States on December 5, 1955, 350 U.S. 79, stated the question at page 81, 76 S.Ct. 171, 173, 100 L.Ed. 62, as follows:

"Here we are concerned with the power to grant suspension of sentences which are, technically, wholly unexecuted because they constitute the unserved terms of a series of consecutive sentences."

On page 83 of 350 U.S. on page 174 of 76 S.Ct. the court answered the question as follows:

"We conclude that the probationary power ceases with respect to all of the sentences composing a single cumulative sentence immediately upon imprisonment for any part of the cumulative sentence."

It must be borne in mind that the defendant has not begun the service of any part of the sentences imposed by this court.

In Mann v. United States, 4 Cir., 1955, 218 F.2d 936, the defendant had been sentenced to imprisonment for 15 years and a fine of $5,000 on Counts 1, 2, and 3 as a group; 20 years and a fine of $1,000 on Counts 4, 5 and 6 as a group, the terms of imprisonment to run consecutively, the fines to be cumulative; 5 years and a fine of $1 on Count 7, the sentence on Count 7 as to imprisonment to run concurrently with sentence imposed on Counts 1, 2 and 3; the defendant to pay the costs of the case. The defendant began at once the service of the sentences and later filed motions to vacate the sentences.

The District Court overruled the various motions of the defendant and he appealed. At page 939 of the opinion, the court said:

"It seems clear that had Judge Chesnut imposed one general sentence, valid as to all counts, and the defendant had begun this sentence

(at least after the expiration of 60 days from the sentence), the power in question would not exist. Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.; United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309. The power does exist, before the defendant enters upon the sentence in question, where the sentence imposed becomes effective only upon the expiration of a prior sentence of the same defendant imposed by another court. Kelley v. United States, 10 Cir., 209 F.2d 638. The intermediate case, before us, is where the defendant has entered upon a sentence of one count, and the court is asked to suspend the sentence under another count of the same indictment, and the defendant has not begun the service of this second sentence."

The facts in the case at bar bring it within the rule announced above, that is, "the power does exist, before the defendant enters upon the sentence in question, where the sentence imposed becomes effective only upon the expiration of a prior sentence of the same defendant imposed by another court." The rule is not in anywise in conflict with the Phillips and Affronti decisions, supra.

In support of the statement, the Fourth Circuit cited the case of Kelley v. United States, 10 Cir., 1954, 209 F.2d 638.

In the Kelley case the defendant had entered a plea of guilty and was sentenced to the custody of the Attorney General for imprisonment for a term of five years to commence "upon the expiration of, or legal release" from the sentence he was then serving at the Federal Reformatory at El Reno, Oklahoma.

At the time of the application of defendant for modification of the sentence by suspending the execution thereof under the Federal Probation Act, 18 U.S.C. § 3651, the defendant had not commenced the service of such sentence, but the court dismissed the application on the ground that it was without jurisdiction to grant probation.

The Court of Appeals reversed, and the cause was remanded with instructions to the trial court to entertain the application.

In the course of the opinion the court said:

"Under § 1 of the original Probation Act the court could suspend the execution of the sentence and place the defendant on probation at any time after conviction and before the defendant commenced the service of the sentence.

"We are of the opinion it was not the intent of the Reviser to change the meaning or effect of § 1 as originally enacted, and that the time within which probation may be granted is governed by the Probation Act and not by Rule 35."

■ This court is now of the opinion that it has the right to consider the application of the defendant for modification of the sentences imposed by this court for the reason that he has not begun the service of the sentences, since he has not completed the service of the sentence imposed upon him by the United States District Court for the Eastern District of Arkansas.

■ After the court reached this conclusion, it has given consideration to the facts, and in view of the facts that existed at the time the sentences were imposed and that have continued to exist, the court is of the opinion that the ends of justice and the best interest of the public, as well as of the defendant, will be served by modifying the sentences by suspending the execution thereof and placing the defendant on probation for a period of two years, to begin at the date of his discharge or release from the sentence that he is now serving which was imposed upon him by the United States District Court for the Eastern District of Arkansas, and judgment in accordance with the above is being entered today.