[Cite as *State v. LeFlore*, 2013-Ohio-564.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. 11CA115 |
| JESSIE J. LEFLORE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
                            Common Pleas, Case No. 2011-CR-164D

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      February 8, 2013

APPEARANCES:

For Appellant:                        For Appellee:

WILLIAM C. FITHIAN, III               JAMES J. MAYER, JR.
111 N. Main Street                    RICHLAND COUNTY PROSECUTOR
Mansfield, OH 44902
                                      JILL M. COCHRAN
                                      38 S. Park Street
                                      Mansfield, OH 44902

*Delaney, P.J.*

{¶1} Defendant-Appellant Jessie J. LeFlore appeals his conviction and sentence in the Richland County Court of Common Pleas for one count of Kidnapping, in violation of R.C. 2905.01(A)(4), with a Repeat Violent Offender specification pursuant to R.C. 2941.149, and one count of Abduction, in violation of R.C. 2905.02(A)(2). Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On March 11, 2011, LeFlore was indicted by the Richland County Grand Jury on one count of Kidnapping with a Sexual Motivation in violation of R.C. 2905.01(A)(4), a felony of the first degree; one count of Abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree; and one count of Attempted Rape in violation of R.C. 2907.02(A)(2) and 2923.02(A), a felony of the second degree. Repeat violent offender specifications, sexually violent predator specifications, and sexually motivated specifications were added to these counts when applicable.

{¶3} The matter was tried to a jury on September 15-16, 2011. The following evidence was adduced at trial.

{¶4} In early 2011, LeFlore and P.T., the victim, met at church and became friends. LeFlore was evicted from his apartment and P.T. helped LeFlore obtain temporary lodging at the Merit Inn in Mansfield, Ohio. P.T. allowed LeFlore to borrow a microwave and a cooler.

{¶5} P.T. went to LeFlore's room at the Merit Inn on February 16, 2011 to retrieve her personal property. P.T. attempted to leave the room, but LeFlore locked the door and did not allow P.T. to leave. LeFlore grabbed her by the throat and threw

her down on the bed. LeFlore climbed on top of her and kissed her on the face. P.T. believed LeFlore was going to rape her. She stated he also threatened to kill her.

{¶6} LeFlore got off the bed and undressed himself. P.T. stood up and LeFlore grabbed her by the throat. P.T. told LeFlore that she would not attempt to leave if he let her go and they could sit down and talk. LeFlore released P.T. and she escaped out of the hotel room.

{¶7} P.T. ran out of the room and down the hall to the parking lot. LeFlore ran out of the hotel room while nude and chased P.T. outside and across the street. The Merit Inn security camera recorded LeFlore chasing P.T., catching P.T., and bringing her back to the motel.

{¶8} During these events, Ellis Barnett, security/maintenance man for the Merit Inn, was in his residence located in the middle of the first floor of the Merit Inn. He heard a woman screaming for help and that she had been raped. Barnett observed a nude man attempting to drag a woman across of the parking lot into one of the rooms of the hotel. Barnett intervened and separated LeFlore from P.T.

{¶9} P.T. was in the Merit Inn lobby and LeFlore went to his room. The police were called. P.T. did not wait for the police to arrive, but went to her car. LeFlore, now dressed, chased P.T. to her car but could not get in the vehicle because P.T. locked the door. P.T. drove to her home. LeFlore fled the scene and was apprehended by the police not long afterwards.

{¶10} The video of the incident recorded by the Merit Inn security camera on February 16, 2011 was shown to the jury. Detective Chad Brubaker testified to collecting the video from the Merit Inn at the beginning of March. He identified the

video by his handwriting and by the general offense number written on the copy of the video presented in court. The video first played during P.T.'s testimony and she identified the video as showing LeFlore chasing her and forcing her back towards his room. The video was played a second time during Mr. Barnett's testimony. He discussed the security cameras in the hotel and described the location that each camera angle was displaying.

{¶11} The State also presented a DNA expert who did an analysis of the swabs taken from P.T.'s face at the time of the incident. The expert stated LeFlore could not be excluded as a source of DNA samples taken from both P.T.'s cheeks.

{¶12} LeFlore did not testify.

{¶13} The jury found LeFlore guilty of Kidnapping with a Sexual Motivation and Abduction, but could not reach a verdict regarding the Attempted Rape charge.

{¶14} On November 21, 2011, LeFlore came before the trial court for sentencing. At the hearing, LeFlore addressed the trial court. He stated that his trial counsel failed to cross-examine Barnett regarding his current employment status with the Merit Inn. LeFlore alleged Barnett had been fired from his employment with the Merit Inn because Barnett stole items and money from LeFlore's room after his arrest. LeFlore alleged Mr. Barnett had perjured himself on the stand by giving the appearance that he still worked for the Merit Inn.

{¶15} On November 28, 2011, the trial court sentenced LeFlore to ten years in prison on the charge of Kidnapping. The trial court found the Abduction charge to be an allied offense. The State dismissed the Attempted Rape charge. The trial court sentenced Appellant to an additional ten years on the Repeat Violent Offender

Specification, to be served consecutively. The trial court further ordered the sentence in the present case to run consecutive to a 2010 Abduction conviction.

{¶16} It is from this decision LeFlore now appeals.

## ASSIGNMENT OF ERROR

{¶17} LeFlore raises one Assignment of Error:

{¶18} "APPELLANT WAS DEPRIVED OF A FAIR TRIAL IN VIOLATION OF THE SIXTH AMENDMENT BY BEING DENIED EFFECTIVE ASSISTANCE OF COUNSEL."

## ANALYSIS

{¶19} LeFlore argues in his sole Assignment of Error that he was denied effective assistance of counsel when his trial counsel failed to impeach a witness for bias. We disagree.

{¶20} At the sentencing hearing, LeFlore stated that the day after the incident, Barnett's employment at the Merit Inn was terminated. His employment was allegedly terminated because he stole money from LeFlore's room at the Merit Inn. LeFlore stated at the hearing that Barnett blamed LeFlore for his termination, thereby creating a bias against LeFlore. At trial, Barnett was not asked about his current employment, on either direct or cross-examination. Barnett was asked where he was employed on February 16, 2011.

{¶21} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within

the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶22} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶23} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶24} LeFlore argues the *Strickland* test is met in this case. First, his counsel's performance at trial was deficient in that he did not impeach Barnett on the basis of bias. Based on this bias, LeFlore argues the trial court should have stricken the testimony of Barnett from the record. Second, LeFlore contends the deficient performance of his trial counsel deprived LeFlore of a fair trial because without the testimony of Barnett as to the videotape, the videotape would be inadmissible for lack of a foundation. LeFlore states the record establishes Barnett was the only witness to lay the foundation for the videotape. Without the videotape, there is insufficient evidence in the record to support LeFlore's conviction.

{¶25} We find persuasive the State's arguments on appeal as to why the record in this case does not support LeFlore's argument that he was denied effective assistance of counsel.

{¶26} Under the two prongs of the *Strickland* test, the State argues LeFlore cannot establish his trial counsel's deficient performance and that LeFlore was prejudiced by the deficient performance. LeFlore argues the testimony of Mr. Barnett should be stricken because of bias. Evid.R. 616(A) states, "[b]ias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence." LeFlore's trial counsel could have cross-examined Barnett about his current employment or termination from the Merit Inn. If Barnett's testimony did show his bias towards LeFlore, his testimony would not be rendered inadmissible. The trial court instructed the jury to consider the credibility or believability of the witnesses in weighing the evidence. (T. 271.) To determine truthfulness of the witness, the jury was instructed to consider interest and bias of the witness. *Id.*

{¶27} LeFlore states if Barnett's testimony was not permitted, the evidence of the videotape recording at the Merit Inn showing LeFlore chasing and pulling P.T. back towards the hotel would not have been admissible for lack of foundation. Barnett was not the only witness to lay a foundation for the videotape. Detective Brubaker testified, without objection, that he went to the Merit Inn and retrieved the videotape from the manager. He identified the video as the one he retrieved based on his handwriting and the general offense number written on the video. He had previously viewed the videotape recording. The videotape was also viewed during the testimony

of P.T.  P.T. testified the video accurately depicted herself and LeFlore on February 16, 2011.

{¶28} We find no legal basis to support LeFlore's argument that the testimony of Barnett should be excluded from the record.  As such, we cannot find the failure of LeFlore's trial counsel to impeach Barnett on the basis of bias to be incompetent and prejudiced LeFlore so that the outcome of the trial would have been different.  There also is further evidence in the record to support LeFlore's conviction, beyond the evidence contained in the videotape recording.

{¶29} LeFlore's sole Assignment of Error is overruled.

**CONCLUSION**

{¶30} Based on the foregoing, the sole Assignment of Error of Defendant-Appellant Jessie J. LeFlore is overruled.

{¶31} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Hoffman, J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

PAD:kgb

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
| -vs- | : | |
| JESSIE J. LEFLORE | : | Case No. 11CA115 |
| Defendant - Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER