**Michael L. DUKES, Petitioner,**

v.

**George VOSE, Jr., Respondent.**

**Civ. A. No. 82–2644–C.**

United States District Court,
D. Massachusetts.

Dec. 28, 1984.

Michael L. Dukes, pro se.

Lawrence Ball, Boston, Mass., for petitioner.

Martin E. Levin, Asst. Atty. Gen., Boston, Mass., for respondent.

### MEMORANDUM

CAFFREY, Chief Judge.

This is an amended petition for a writ of habeas corpus brought by Michael L. Dukes an inmate at MCI Concord against George Vose, Jr., superintendent of that State prison.

Plaintiff was convicted on November 29, 1973 in Hampden County Superior Court for burglary and larceny.. The case is now before the court on petitioner's objections to a recommendation by Magistrate Collings that the amended petition be dismissed. The objections have been briefed by the parties and after hearing, I rule as follows:

Petitioner claims that he was denied the effective assistance of counsel because his attorney in State Court was appointed shortly before trial and because a mid trial request for a continuance was denied.

The State Court record shows that on November 28, 1973 petitioner filed a motion which was allowed, asking that Attorney Louis H. Cohen be appointed as his coun-

sel. Petitioner's motion alleged that Mr. Cohen "has further done some investigation and is familiar with all the facts pertaining to it" (his case).

The Superior Court trial began on November 29, 1973. Petitioner waived jury, and the trial judge elicited from petitioner a reaffirmation of his desire to have Mr. Cohen represent him and his desire to proceed jury-waived. Neither petitioner or Mr. Cohen claimed that Mr. Cohen had had insufficient time to prepare.

The State called six witnesses including the victim whose home had been burglarized. She identified petitioner, and his attorney cross-examined her extensively (Tr. pp. 118–141). After the recess which followed the close of the State's evidence, Mr. Cohen moved for a continuance claiming that he expected the victim would not identify petitioner. The motion for a continuance was denied. Petitioner then called four witnesses including himself after which the Court found him guilty. It should be noted that he admitted driving the co-defendant to and from the victim's house and also that he fled from police along with his co-defendants.

The Court of Appeals for this Circuit ruled that the mere fact that counsel had only a short time to prepare for trial is not enough to establish a 6th Amendment violation. *Rastrom v. Robins*, 440 F.2d 1251, 1254 (1st Cir. 1971), *cert. denied*, 404 U.S. 863, 92 S.Ct. 53, 30 L.Ed.2d 107 (1971). See also *United States v. Cronic*, — U.S. —, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

Finally in *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Justice O'Connor made a comprehensive review of burdens which must be sustained by a petitioner who claims denial of the 6th Amendment right to effective assistance of counsel. In pertinent part she wrote:

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process

that the trial cannot be relied on as having produced a just result."

*Id.* 104 S.Ct. at 2064.

She also observed that:

"A convicted defendant's claim that counsel's assistance was so defective as to require a reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."

*Id.* at 2064.

Justice O'Connor also noted that:

"The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."

*Id.* at 2065.

She also pointed out that:

"Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' See *Michel v. New York, supra,* [350 U.S. 91] at 101 [76 S.Ct. 158 at 164, 100 L.Ed. 83]. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. [Citation omitted]"

*Id.* at 2065–6.

She concluded with the observation that:

"The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id.* at 2068.

I rule that a review of the State Court record shows that plaintiff's alleged claims herein fall far short of the requirements spelled out in *Strickland* and accordingly, I rule that as recommended by the Magistrate, the petition for habeas corpus should be denied.

Order accordingly.