# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-DR-00273-SCT

*GERALD JAMES HOLLAND*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/02/1993 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF CAPITAL POST-CONVICTION COUNSEL BY: ROBERT RYAN LOULYNN VANZETTA WILLIAMS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MARVIN L. WHITE, JR. |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CIVIL - DEATH PENALTY - POST CONVICTION |
| DISPOSITION: | LEAVE TO SEEK POST-CONVICTION RELIEF, DENIED - 04/22/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1. Gerald James Holland applies for post-conviction relief concerning his conviction for the 1986 capital murder of Krystal King committed during the commission of a felony, i.e., rape. His 15-year-old victim was raped, viciously beaten and stabbed. The cause of death was asphyxiation from a ligature placed around her neck and clothing stuffed down her throat. Holland further mutilated the body to conceal the cause the death. Holland coerced

Jerry Douglas, who had not been present during the murder, to assist him in disposing of the body. Douglas reported the homicide to police and testified against Holland at trial. A jury found Holland guilty of capital murder and the underlying crime of rape beyond a reasonable doubt and this Court affirmed the conviction. ***Holland v. State***, 587 So.2d 848 (Miss. 1991).

¶2. The death sentence however was vacated on appeal after it was found that the jury prematurely endorsed the death sentence before considering the mitigating and aggravating evidence and before the jury instructions were given by the trial court. This was evident by the jury's swift return of the death sentence with little time given to deliberation. This Court held that the defendant's Sixth Amendment right to a fair and impartial jury had been violated; thus we vacated the death sentence and remanded for a new sentencing hearing. ***Id***. at 872.

¶3. Holland was granted a new sentencing hearing in 1993, but again received the death penalty. The jury imposed the death sentence after finding the existence of all three of the aggravating factors, and that Holland actually killed Krystal King, intended to kill and contemplated that lethal force would be employed. Holland again appealed, and this Court affirmed the death sentence. ***Holland v. State***, 705 So.2d 307 (Miss. 1997), *cert. denied,* 525 U.S. 829, 119 S. Ct. 80, 142 L. Ed. 2d 63 (1998), *rehearing denied*, 525 U.S. 1013, 119 S. Ct. 533, 142 L. Ed. 2d 443 (1998).

¶4. Having reviewed the application, we find that it should be denied.

**Analysis**

2

## I. Form of The Verdict at The Sentencing Trial.

¶5. Holland asserts that the jury failed to follow the trial court's instruction S-1 in that the written form of the verdict did not recite that the aggravating circumstances were found to exist beyond a reasonable doubt. This claim was previously raised on direct appeal and was found to be without merit. *Holland*, 705 So.2d at 352-53. This Court found that Holland did not object to the form of the verdict at trial and therefore did not preserve the issue for appeal. Without waiving the procedural bar, this Court addressed the merits of the claim and found that the omission was not fatal because the jury had previously been instructed that it had to find the presence of the aggravating circumstances beyond a reasonable doubt. *Id*. at 353. The matter is now procedurally barred from further consideration on collateral review. Miss. Code Ann. § 99-39-21(3).

## II. Ineffective Assistance of Counsel.

¶6. Holland claims that trial counsel was ineffective in his preparation for and his handling of the testimony of the State's pathologist during the guilt phase of the trial. Specifically, Holland claims that counsel failed to interview the State's witness prior to trial, failed to timely object to his testimony, and failed to seek a continuance of the trial. Holland also asserts that counsel was ineffective in failing to seek funds for an expert pathologist and in failing to timely test the samples collected in the victim's rape kit. Holland also contends that counsel was ineffective in failing to object to the introduction of photographs depicting the exhumation of the victim's body.

¶7. A defendant's claim that trial counsel's assistance was so defective so as to require reversal of a death sentence has two components. First, the defendant must prove that counsel's performance was deficient which requires showing that counsel made errors so serious such that the attorney was not functioning at a minimum level guaranteed by the Sixth Amendment. Second, the defendant must show that the allegedly deficient performance prejudiced his defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result may be deemed reliable. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

¶8. The first prong requires the defendant to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S. Ct. 158, 100 L. Ed. 83 (1955)). As for the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶9. When a defendant challenges a death sentence based on ineffective assistance of counsel, the question is whether there is a reasonable probability that, absent the purported errors of counsel, the jury would have concluded that the balance of aggravating and mitigating circumstances did not warrant imposition of the death penalty. *Manning v. State*, 735 So.2d 323, 347 (Miss. 1999).

¶10.   In the present case, the record reflects that trial counsel was afforded ample opportunity to interview Dr. McGarry prior to his testimony and even stated to the court, "I'm prepared for cross-examination of Dr. McGarry."   Although this Court originally found counsel's objection to be untimely, the record shows that trial counsel's objection to Dr. McGarry's testimony was posed on the same day that the pathologist first gave an in-court opinion as to the chronology of the infliction of injuries relative to the victim's time of death. Trial counsel acknowledged that he was aware of the State's right and intention to question their expert with regard to the autopsy report.   However his objection had to do with the State's failure to notify the defense of the substance of the anticipated testimony, i.e., the time of the injuries.

¶11.   Holland also argues that counsel should have sought a continuance, but fails to specify when counsel should have done so.  As previously noted, counsel was given the opportunity to interview the State's witness.  Further, Holland asserts that counsel should have sought funding for his own pathology expert, but he fails to include the affidavit of any professional who would dispute findings of the State's expert.  The benefit of such a defense expert is therefore speculative at best.  The same is true of the claim that counsel should have more quickly tested the semen samples collected in the victim's rape kit.

¶12.   As for the claim that counsel failed to object to the introduction of photographic evidence, the record indicates that the crime scene photographs were initially admitted over objection during the guilt phase  and that counsel in fact objected again at the sentencing phase. *Holland*, 705 So.2d at 349-50.  Holland finally contends that trial counsel provided

inadequate mitigation evidence at the second sentencing trial. The record indicates otherwise. Holland's brother and mother testified as to Holland's home life including physical and mental abuse suffered at the hands of an alcoholic father. Dr. Marc Zimmerman, a psychologist, examined Holland and testified at length that Holland, while functioning at an average or normal intellectual level, nonetheless suffered from some brain dysfunction. Even State's witness William Boyer testified that Krystal King was at Holland's home because she asked to be taken there.

¶13. Holland now asserts that more could have been done and offers medical records from Parchman and hospital records detailing a history of automobile and hunting accidents as well as a drug overdose. Holland does not explain how these records would serve to persuade a jury to leniency in sentencing and therefore the argument fails. This Court has previously noted that so long as counsel makes known to the sentencing jury evidence of a capital defendant's educational background, psychological profile and childhood experience, there is no error under the *Strickland* standard. *Brown v. State,* 798 So.2d 481, 498-99 (Miss. 2001); *Chase v. State*, 699 So.2d 521, 528 (Miss. 1997).

¶14. Applying the standard imposed by *Strickland,* trial counsel's conduct of the sentencing trial did not fall below the standard expected of lawyer and even, assuming some error on the part of counsel, the absence of any assumed error would not have resulted in sentence other than death. This issue is without merit.

### III.    Right to a Fair and Impartial Trial.

¶15.   Holland claims that he was denied a fair and impartial trial because counsel failed to have the trial court ascertain whether the jury pool was tainted by the statements of a particular venireman that he (the juror) was familiar with the case and was in complete agreement with the conviction.  Holland raised the issue on direct appeal, and this Court found the argument to be without merit. *Holland*, 705 So.2d at 337.  Holland cannot now recast the issue under guise of an ineffective assistance of counsel claim.  *Foster v. State*, 687 So.2d 1124, 1129 (Miss. 1996).  Not only is the claim without merit, it is procedurally barred from consideration. Miss. Code Ann. § 99-39-21(3).

### IV.   Failure to Challenge the Search Warrant.

¶16.   Holland contends that trial counsel was ineffective for failure to contest the vague phraseology of the search warrant that authorized a search for the "instrumentalities used in the commission of a crime."  Holland argues that a successful challenge would have excluded extraneous items such as a pillow case and cushion found with the body.  Holland does not articulate how this would have changed the outcome of the trial, particularly in light of his several confessions.  To his credit, trial counsel did attempt to suppress the confessions before trial and raised the challenge again on appeal. *Holland v. State*, 587 So.2d 848, 856 (Miss. 1991). However, this Court found Holland's confessions to be voluntary. *Id.* at 862.  This particular claim of ineffective assistance is wholly without merit.

### V.   Cumulative Effect of Failure to Object to Prosecution Rhetoric.

¶17.   Holland claims that counsel was ineffective at the resentencing trial for failure to object to four statements made by the prosecutor which Holland claims were prejudicial.

7

These statements included comments concerning the reliability of brain scans, a comment that the only witness had been killed, comments that minimized the importance of the mitigation evidence, and comments emphasizing his role as the State's attorney. Holland asserts that counsel at his resentencing trial failed to timely object to a number of supposed misstatements by the prosecutor whose cumulative effect deprived him of fair trial.

¶18. The record shows that counsel did pose objections to these comments and further raised them again on direct appeal. This Court considered each instance in great detail but found no error on the part of the trial court in allowing the statements to stand. *Holland*, 705 So.2d at 343-47. The propriety of the comments has been thoroughly litigated, and the issue is now barred from collateral review. Miss. Code Ann. § 99-39-21(3). Holland may not raise it again as an ineffective assistance of counsel claim. *Foster v. State*, 687 So.2d at 1129.

### VI. Residual Doubt.

¶19. Holland next asserts that, at his resentencing trial, he was not allowed to argue residual doubt concerning his guilt. This issue was considered thoroughly on direct appeal following the resentencing. *Holland*, 705 So.2d at 322-27. This Court found that there was no residual doubt to be argued since the underlying conviction had already been affirmed on appeal. The Court stated, "We hold that there can be no error in denying Holland the right to argue residual or whimsical doubt, since it is not a mitigating factor that is constitutionally recognized." *Id.* at 326. The issue is now procedurally barred from further consideration under the doctrine of res judicata. Miss. Code Ann. § 99-39-21(3).

### VII. Testimony of the State's Pathologist.

¶20. Holland asserts that, during the resentencing trial, the testimony of the State's pathologist was overbroad and that his opinions were not always based scientific standards and supporting proof. In Holland's words, "Dr. McGarry gave opinion testimony, over objection, without any statement as to probability or reasonable medical certainty." This issue was also considered and rejected on direct appeal. This Court specifically found that Dr McGarry's testimony "was not rank speculation" and that the State had shown that Dr. McGarry's testimony "fell within the bounds of forensic pathology by demonstrating that his expertise dealt with wounds, suffering, and the means of infliction of injury." *Holland*, 705 So.2d at 341.

### VIII. Aggravating Factors Not Charged in the Indictment.

¶21. Holland argues that his death sentence must be vacated because the aggravating circumstances which charged capital murder were not included in the indictment. Holland relies on the rulings of the United States Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 4357 (2000) and *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed 2d 550 (2002), in which the Court held unconstitutional a sentencing scheme where a judge rather than a jury determined whether there were sufficient aggravating circumstances to warrant imposition of the death penalty.

¶22. Apprendi fired several shots into the home of an African-American family in New Jersey and was indicted on state charges of shooting and possession of firearms. He pled guilty to two counts of possession of a firearm for unlawful purpose and one count of

9

possession of an explosive. After the judge accepted the guilty pleas, the prosecutor moved for an enhanced sentence on the basis that it was a hate crime. Apprendi argued that he was entitled to have the finding on enhancement decided by a jury. The Supreme Court agreed, stating: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

¶23. However, the Court specifically stated that "Apprendi has not here asserted a constitutional claim based on the omission of any reference to sentence enhancement or racial bias in the indictment. . . . We thus do not address the indictment question separately today." *Apprendi*, 530 U.S. at 477 n.3. The U.S. Supreme Court found in *Apprendi* that New Jersey's statutory scheme would allow a jury to convict a defendant of a second degree offense of possession of a prohibited weapon, and then, in a separate subsequent proceeding, allow a judge to impose a punishment usually reserved for first degree crimes made on the judge's finding based on a preponderance of the evidence.

¶24. In 2002, the U.S. Supreme Court decided *Ring v. Arizona*. *Ring* addressed the issue of whether the Arizona capital sentencing process as upheld in *Walton v. Arizona*, 497 U.S. 639 (1990), that of a jury deciding guilt and a judge making findings on aggravating factors, could survive the *Apprendi* decision. The Supreme Court decided it could not.

> [W]e overrule *Walton* to the extent that it allows a sentencing judge, sitting without a jury, to find an aggravating circumstance necessary for imposition of the death penalty. *See* 497 U.S., at 647-649, 110 S.Ct. 3047. Because Arizona's enumerated aggravating factors operate as "the functional equivalent of an element of a greater offense," *Apprendi*, 530 U.S., at 494, n. 19, 120 S.Ct. 2348, the Sixth Amendment requires that they be found by a jury.

10

* * *

> "The guarantees of jury trial in the Federal and State Constitutions reflect a profound judgment about the way in which law should be enforced and justice administered. ... If the defendant preferred the common-sense judgment of a jury to the more tutored but perhaps less sympathetic reaction of the single judge, he was to have it." ***Duncan v. Louisiana***, 391 U.S. 145, 155-156, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

> The right to trial by jury guaranteed by the Sixth Amendment would be senselessly diminished if it encompassed the factfinding necessary to increase a defendant's sentence by two years, but not the factfinding necessary to put him to death. We hold that the Sixth Amendment applies to both.

***Ring***, 536 U.S. at 609.

¶25.   Holland argues that because ***Ring*** found the ***Apprendi*** decision persuasive, the U.S. Supreme Court necessarily adopted every other rule stated in ***Apprendi*** for state capital sentencing proceedings, specifically the rule that the Constitution requires that aggravating factors be listed in indictments.   The Court in ***Ring*** specifically noted what was being decided and what was not.   "Ring's claim is tightly delineated:  He contends only that the Sixth Amendment required jury findings on the aggravating circumstances asserted against him." ***Ring***, 536 U.S. at 597 n.4.   Ring did not contend that his indictment was constitutionally defective.

¶26.   Further, the retroactive application of ***Ring*** is in doubt and is now before the U.S. Supreme Court.  Although the Ninth Circuit has ruled in ***Summerlin v. Stewart****,* 341 F.3d 1082 (9th Cir. 2003), *cert. granted sub nom.* ***Schriro v. Summerlin***, 124 S.Ct. 833, 157 L. Ed. 2d 692 (2003) (No. 03-526), that ***Ring*** announced a substantive rule of law which may be applied retroactively to federal habeas review proceedings, another circuit has held

11

that the *Ring* decision is not retroactive absent an express pronouncement to that effect. *Turner v. Crosby*, 339 F.3d 1247 (11th Cir. 2003). We agree with the Eleventh Circuit.

¶27. The State is correct in its assertion that a defendant is not entitled to formal notice of the aggravating circumstances to be employed by the prosecution and that an indictment for capital murder puts a defendant on sufficient notice that the statutory aggravating factors will be used against him. *Smith v. State*, 729 So.2d 1191, 1224 (Miss. 1998) (relying on *Williams v. State*, 445 So.2d 798 (Miss. 1984)).

> We believe that the fact that our capital murder statute lists and defines to some degree the possible aggravating circumstances surely refutes the appellant's contention that he had inadequate notice. Anytime an individual is charged with murder, he is put on notice that the death penalty may result. And, our death penalty statute clearly states the only aggravating circumstances which may be relied upon by the prosecution in seeking the ultimate punishment.

*Williams*, 445 So.2d at 804-05. Further this Court has previously rejected similar arguments in *Stevens v. State*, 867 So. 2d 219, 223 ( Miss. 2003). This issue is without merit.

### IX. Inability to Defend Proof of the Underlying Conviction at Re-sentencing.

¶28. Holland argues that it was improper to compel the State to prove that he had already committed murder and rape but not allow him to defend the State's assertions. This is a variation of the previously-discussed "residual doubt" argument. As noted before, the issue was considered and rejected on direct appeal. *Holland*, 705 So.2d at 322-25. "Our caselaw holds that in an appeal from a resentencing trial for capital murder, the issue of guilt is res

12

judicata and cannot be relitigated. ***Irving v. State***, 441 So.2d 846, 851-52 (Miss. 1983). This issue is procedurally barred from consideration. Miss. Code Ann. § 99-39-21(3).

## X. Voir Dire of Prospective Jurors Concerning Mitigation Evidence.

¶29.    Holland asserts that, prior to the resentencing trial, he was precluded by the trial judge from questioning prospective jurors about their willingness to consider mitigation evidence.  This claim has previously been considered and rejected on direct appeal.  Under ***Morgan v. Illinois***, 504 U.S.719, 112 S. Ct. 2222, 119 L. Ed 2d 492 (1992), defense counsel is entitled to inquire whether jurors will consider mitigation evidence at all or whether they would automatically impose the death penalty.  This Court however found that jurors may not be questioned as to what weight, if any, they would give to individual mitigating factors.***Holland***, 705 So.2d at 338-39. The issue is now procedurally barred from further consideration. Miss. Code Ann. § 99-39-21(3).

## XI. Limiting Instruction on Statutory Aggravating Factor.

¶30.    Holland argues that the trial court's limiting instruction as to the Especially Heinous Atrocious or Cruel aggravating factor was constitutionally infirm because the instruction to the jury was vague and overbroad.  This issue was also decided against Holland on direct appeal and is now procedurally barred. Miss. Code Ann. § 99-39-21(3).  On appeal, this Court found that Instruction C-2 tracked the required language of ***Clemons v. Mississippi***, 494 U.S. 738, 757, 110 S. Ct. 1441, 108 L. Ed. 2d 725 (1990), and that the issue was therefore without merit. ***Holland***, 705 So.2d at 356.

## XII. Death Sentence Disproportionate to the Offense.

¶31. On direct appeal, this Court conducted a proportionality review as required by the Eighth Amendment and specifically found that Holland's death sentence was not disproportionate. *Holland*, 705 So. 2d at 357. Consequently, the issue is now procedurally barred from collateral review. Miss. Code Ann. § 99-39-21(3).

### XIII. Sufficiency of the Evidence.

¶32. Holland claims that the testimony of Dr. McGarry alone was insufficient for a jury to find that the victim had been raped (as opposed to being a willing participant in sexual intercourse). On direct appeal from the conviction itself, this Court specifically held that "the evidence presented was sufficient to convince a rational factfinder of Holland's guilt of capital murder and the underlying crime of rape beyond a reasonable doubt." *Holland,* 587 So.2d at 872. The issue in procedurally barred from consideration. Miss. Code Ann. § 99-39-21(3).

### XIV. Request for Neurological Exam.

¶33. Holland argues again that the trial judge should have granted his request for a neurological exam based on the affidavit of Dr. Marc Zimmerman. On direct appeal, this Court found that Holland had not shown a substantial need for the exam and that it was within the discretion of the trial judge to deny the request. *Holland,* 705 So.2d at 334. The issue is now barred from further review. Miss. Code Ann. § 99-39-21(3).

### XV. Cumulative Error and a Fundamentally Fair Trial

¶34. Holland argues last that the failure of counsel to make contemporaneous objections at both trials resulted in errors whose cumulative effect was to deprive him of a

14

fundamentally fair trial. As previously discussed, Holland has failed to make a prima facie showing of ineffective assistance counsel. In the absence of professional error or omission, there can be no cumulative effect so as to deny Holland a fair trial. *Foster v. State*, 639 So.2d at 1303.

## Conclusion

¶35. We find no merit in Holland's application. Therefore, the application for post-conviction collateral relief is denied.

¶36. **LEAVE TO SEEK POST-CONVICTION RELIEF, DENIED.**

**WALLER AND COBB, P.JJ., EASLEY, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING**.