**Ramiro RAMIREZ**

v.

**UNITED STATES of America.**

**Civil Action No. 95–643–T.**

United States District Court,
D. Rhode Island.

Aug. 20, 1998.

Ramiro Ramirez, pro se.

Kenneth P. Madden, Asst. U.S. Attorney, U.S. Attorney's Office, Providence, RI, for Defendants.

## *MEMORANDUM AND ORDER*

TORRES, District Judge.

Ramiro Ramirez has filed a motion, pursuant to 28 U.S.C. § 2255, to vacate his sentence on the ground that he was deprived of his Sixth Amendment right to effective assistance of counsel.

The issue presented is whether an attorney's concession that a defendant is guilty of some of the offenses charged constitutes ineffective assistance of counsel. Because, under the circumstances presented by this case, I answer that question in the negative, Ramirez' motion is denied.

### *Background*

Ramirez was charged, in a four-count indictment, with conspiracy to possess cocaine with intent to distribute it in violation of 21 U.S.C. § 846 (Count I); possession of cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count II); possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count III); and possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5) (Count IV). During closing argument, Ramirez's counsel conceded that Ramirez was guilty of the firearms offenses charged in Counts III and IV, stating:

> I feel that if you apply the law and use your common sense in this case that you will return verdicts of not guilty as to Counts One and Two with Ram[i]ro Ramirez.
>
> Notice I said Counts One and Two. Because I submit to you, Ladies and Gentlemen, Mr. Ramirez is guilty of Counts Three and Four. We don't dispute that.

He had a pistol on him. He was an illegal alien. He's guilty of Counts Three and Four. But he's not guilty of Counts One and Two. And my reasons are because of the evidence in this case and the lack of evidence in this case. The Government told you that it has the burden of proof in this case. It has the burden of proof in every criminal case. And I submit to you that they've dropped the ball. They haven't complied with their burden. They can't satisfy you beyond a reasonable doubt.

Tr. of Jan. 4, 1991 at 52–53.

The jury found Ramirez guilty on all counts and Ramirez received concurrent sentences of 293 months on Counts I and II and 120 months on Counts III and IV.

Ramirez appealed his conviction on a variety of grounds including a claim that counsel's concession of guilt on the firearms charges constituted ineffective assistance of counsel. The Court of Appeals rejected that claim saying:

> As far as the record reveals, however, counsel's concession was a tactical decision, designed to lead the jury towards leniency on the other charges and to provide a basis for a later argument (to the judge) for a lighter sentence. Such 'tactical retreats' are 'deemed to be effective assistance.'

*United States v. Tabares,* 951 F.2d 405, 409 (1st Cir.1991) (quoting *United States v. Simone,* 931 F.2d 1186, 1196 (7th Cir.), *cert. denied,* 502 U.S. 981, 112 S.Ct. 584, 116 L.Ed.2d 609 (1991)). However, the Court left the door open for Ramirez "to raise an 'ineffective assistance of counsel' claim that involves matters outside the trial record itself" by means of a § 2255 motion. *Id.*

Ramirez accepted that invitation by filing this § 2255 motion in which he repeats his "ineffective assistance" claim and, now, asserts that counsel failed to consult him before conceding guilt on the firearms charges. Ramirez's motion was referred to a magistrate judge who recommended denial based, in part, on the *Tabares* Court's reference to counsel's statement as a permissible tactical decision. This Court accepted the recommendation and Ramirez, again, appealed.

In an unpublished *per curiam* opinion, a different panel pointed out that *Tabares* "expressly refrained from ruling on any 'claim that involves matters outside the trial record itself,' which would include the specific ineffective assistance of counsel claim that petitioner now raises, and particularly the factual question whether petitioner consented to the concession of guilt." *Ramirez v. United States,* No. 96–2129, slip. op. at 2 (1st Cir. Feb. 5, 1998). The panel expressly refrained from commenting on the merits of Ramirez' revised claim and concluded only that it was dismissed prematurely. *Id.* Accordingly, the dismissal of Ramirez' motion was vacated and the matter was remanded to this Court for further proceedings.

## Discussion

### I. Ineffective Assistance—the General Principles

It is well established that when the substandard performance of a criminal defendant's attorney deprives the defendant of his Sixth Amendment right to effective assistance of counsel, the defendant may be entitled to relief from his sentence. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984); *Scarpa v. DuBois,* 38 F.3d 1, 8 (1st Cir.1994), *cert. denied,* 513 U.S. 1129, 115 S.Ct. 940, 130 L.Ed.2d 885 (1995). The test for determining whether an attorney failed to provide effective assistance is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064.

The Supreme Court has held that, in order to prevail on an ineffective assistance of counsel claim, a defendant must establish, first, that the representation he received "fell below an objective standard of reasonableness"; and, second, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694, 104 S.Ct. at 2064, 2068.

### A. Performance of Counsel

In assessing the adequacy of counsel's performance, the Court looks to "prevailing professional norms." *Scarpa,* 38 F.3d at 8. A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2065; *see also Scarpa,* 38 F.3d at 8.

In order to avoid the distorting effects of hindsight, a defendant who claims that counsel's performance was deficient must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2066 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)).

### B. Prejudice to the Defendant

"Ineffective assistance of counsel" has been compared to the harmless error doctrine because both require a showing that the mistakes were likely to have affected the outcome of the trial and to have produced an incorrect result. *See Scarpa,* 38 F.3d at 14–15. Unlike the exclusionary rule, the doctrine of "ineffective assistance" serves no deterrent purpose. The exclusionary rule is concerned with the methods used by the government in obtaining a conviction rather than whether the conviction is justified by the evidence. It excludes perfectly reliable evidence in order to deter police from seeking to obtain convictions by unconstitutional means. The ineffective assistance of counsel doctrine, on the other hand, does nothing to deter possible police overreaching because it pertains to the conduct of defense counsel, not police conduct. Moreover, the ineffective assistance doctrine does not deter misfeasance or malfeasance by counsel. It is the government, not the defense attorney, who suffers adverse consequences when a defendant's conviction is vacated due to "ineffective assistance."

Accordingly, counsel's substandard performance, alone, does not entitle a defendant to relief on "ineffective assistance" grounds. The defendant must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

■ Ordinarily, a showing of actual prejudice is required. *Id.* at 693, 104 S.Ct. at 2067; *Scarpa,* 38 F.3d at 12, 14. However, the Supreme Court has suggested that, under certain circumstances, counsel's deficiencies "are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified" and, therefore, prejudice may be presumed. *United States v. Cronic,* 466 U.S. 648, 658, 104 S.Ct. 2039, 2046, 80 L.Ed.2d 657 (1984) ("There are ... circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.").

■ The circumstances under which a presumption of prejudice is justified are very rare. *Scarpa,* 38 F.3d at 12–14. They are limited to situations where the attorney's conduct is "so antithetic to effective assistance ... that a case-by-case analysis simply is not worth the cost of protracted litigation." *Id.* at 12. Stated another way, the presumption of prejudice is applicable only when the attorney's conduct is of a sort that almost invariably prejudices a defendant no matter what the facts of the case may be. *Id.*

■ When the likelihood of prejudice resulting from counsel's deficient performance cannot be ascertained without reviewing the record, a showing of actual prejudice is required. *Id.* at 12, 14. In the words of the First Circuit:

> [O]nce it is necessary to examine the trial record in order to evaluate counsel's particular errors, resort to a *per se* presumption is no longer justified by the wish to avoid the cost of case-by-case litigation. An overly generous reading of *Cronic* would do little more than replace case-by-case litigation over prejudice with case-by-case litigation over prejudice *per se.*

*Id.* at 14.

Thus, the attempt to distinguish the vast majority of cases to which *Strickland*'s requirement of actual prejudice applies from the occasional cases to which the presumption of prejudice suggested by *Cronic* applies focuses on whether counsel committed fundamental " 'structural errors' [that] jar the framework in which the trial proceeds and, accordingly ... 'defy analysis by' " *Id.* (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 629, 113 S.Ct. 1710, 1717, 123 L.Ed.2d 353 (1993) (internal quotation omitted)). Stated another way, the distinction depends upon whether the errors committed by counsel are "trial errors" that "occur 'during the presentation of the case to the jury,' and therefore may 'be quantitatively assessed in the context of [the] evidence presented' in order to gauge harmlessness." *Id.* (quoting *Arizona v. Fulminante,* 499 U.S. 279, 307–08, 111 S.Ct. 1246, 1264, 113 L.Ed.2d 302 (1991)).

The distinction does not turn on the egregiousness of counsel's errors. *Id.* ("[The] authorities suggest that attorney error, even when egregious, will almost always require analysis under *Strickland*'s prejudice prong. We agree."). Rather, it turns on the effect of the errors on the "entire trial process" and whether that effect can be assessed by examining the record. *Id.*

## II. *Concessions of Guilt*

■ There is no question that counsel's acknowledgment that a defendant is guilty of all charges or the utter failure to present an appropriate challenge to the prosecution's case is so egregious and may so undermine the adversarial process and confidence in the justness of the result that a presumption of prejudice is justified. *See, e.g., Rickman v. Bell,* 131 F.3d 1150, 1157–60 (6th Cir.1997) (finding presumption of prejudice where defense counsel presented no defense, personally attacked his client in front of the jury and repeatedly elicited information detrimental to his client's interests), *cert. denied,* —— U.S. ——, 118 S.Ct. 1827, 140 L.Ed.2d 962 (1998); *Francis v. Spraggins,* 720 F.2d 1190, 1194 (11th Cir.1983) ("[C]ounsel's complete concession of the defendant's guilt ... constitutes ineffective assistance."), *cert. denied,* 470 U.S. 1059, 105 S.Ct. 1776, 84 L.Ed.2d 835 (1985); *Wiley v. Sowders,* 647 F.2d 642, 650

(6th Cir.) ("Counsel's complete concession of petitioner's guilt nullified the adversarial quality of [the] fundamental issue [of his guilt or innocence]."), *cert. denied,* 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630 (1981). However, counsel's concession of guilt with respect to selected charges does not amount to "ineffective assistance" if, under the circumstances, it can be viewed as a reasonable tactical maneuver. *See, e.g., Bell v. Evatt,* 72 F.3d 421, 430 (4th Cir.1995) (finding that counsel's actions were reasonable when, during guilt phase of trial, counsel conceded guilt to kidnapping charge and pursued a verdict of guilty but mentally ill on kidnapping and murder charges in attempt to retain credibility with the jury and secure a lesser sentence), *cert. denied,* 518 U.S. 1009, 116 S.Ct. 2533, 135 L.Ed.2d 1056 (1996); *Underwood v. Clark,* 939 F.2d 473, 474 (7th Cir. 1991) (finding that counsel's concession of guilt of lesser offense of criminal confinement with a deadly weapon in order to enhance credibility with jury and thus better contest rape charge was reasonable tactical maneuver that did not require prior consultation with client); *Simone,* 931 F.2d at 1197 (finding that counsel's concession on drug distribution charges was reasonable trial strategy in light of counsel's vigorous contest of more serious conspiracy and continuing criminal enterprise charges).

As already noted, the First Circuit, in *Tabares,* referred to counsel's concession of Ramirez' guilt with respect to Counts III and IV as a permissible "tactical decision, designed to lead the jury towards leniency on the other charges and to provide a basis for a later argument (to the judge) for a lighter sentence." Such "'tactical retreats' are 'deemed to be effective assistance.'" *Tabares,* 951 F.2d at 409 (quoting *Simone,* 931 F.2d at 1196).

▮ The Court of Appeals did leave the door open for Ramirez "to raise an 'ineffective assistance of counsel' claim that involves matters outside the trial record itself," *id.;* and later made clear that such matters include assertions that counsel's concession was made without consulting Ramirez. However, the Court of Appeals did not decide whether the alleged failure to consult, by itself, constituted ineffective assistance.

▮ Clearly, counsel is not required to consult a defendant with respect to every tactical decision made during the course of a trial. However, the failure to obtain a defendant's approval before conceding guilt on any charge, no matter how tactically sound the concession may have been, is not a practice that should be condoned. *See Simone,* 931 F.2d at 1197 ("We do not approve of a defense counsel's deliberate, explicit admission that a jury should find his client guilty of a charge in the absence of any suggestion that the defendant concurred in the decision to proceed in such a manner."); *but cf. Underwood,* 939 F.2d at 474 (holding that a concession of guilt on a relatively minor charge that reasonably is calculated to gain acquittal of a more serious charge is a tactical decision that does not require consultation).

▮ Nevertheless, even if Ramirez's assertion is true, it does not support his "ineffective assistance" claim. If counsel's conduct prejudiced Ramirez, that prejudice resulted from the concession of guilt regarding the firearms charges and not from any failure to consult Ramirez before making the concession. Stated another way, while it is conceivable that the outcome might have been affected by the concession of guilt, it could not have been affected by any failure by counsel to obtain Ramirez's approval before making the concession. Therefore, the issues presented are whether acknowledging guilt with respect to Counts III and IV was an objectively reasonable tactic; and, if not, whether Ramirez has demonstrated a reasonable probability that absent the concession of guilt, the result would have been different.

Under these circumstances, as the First Circuit already has observed, counsel's decision was not at all unreasonable. The evidence of guilt with respect to the firearm charges was overwhelming. Agents testified that Ramirez had a loaded handgun in his pocket at the time he was arrested and it is undisputed that he was an illegal alien who, previously, had been convicted of a felony. On the other hand, Ramirez' guilt with respect to the drug charges was, at least, debatable. Ramirez did not have any drugs on

his person when he was apprehended. The drugs and other indicia of drug trafficking were found in the apartment that he shared with his co-defendant leaving open the possibility that they did not belong to him.

Accordingly, it was perfectly reasonable for counsel to attempt to establish credibility with the jury by conceding what he would have been very hard pressed to contest (i.e., guilt with respect to the firearms charges) in the hope that it would strengthen the defendant's case with respect to the drug charges. The reasonableness of that decision is underscored by the fact that the penalty for the drug offenses was much more severe than the penalty for the firearms offenses.

In addition to not establishing that his counsel's performance was deficient, Ramirez has failed to satisfy the prejudice prong of the *Strickland* test because he has not demonstrated a reasonable probability that, but for counsel's concessions, the result would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. As already noted, the evidence of guilt with respect to the firearms charges was overwhelming. Based upon the evidence presented, it is inconceivable that a jury could have found him not guilty of those charges even if the statements in question had not been made.

Nor is there any indication that Ramirez was unjustly convicted or that he was prejudiced by any failure by counsel to challenge the government's proof or to marshal evidence in Ramirez's defense. Ramirez has not even made any such claim. Rather, he relies entirely on counsel's concession of guilt. As the *Scarpa* Court so aptly put it in finding that even an attorney's ill-advised concessions did not support an "ineffective assistance" claim: "To this day, petitioner has failed to identify any promising line of defense or to construct a plausible scenario that, if exploited, might have given the jury pause." *Scarpa*, 38 F.3d at 16.

Finally, it should be noted that Ramirez' convictions on the firearms charges do not affect the sentence that he is serving. As previously stated, the 120–month sentence imposed with respect to Counts III and IV runs concurrently with the 293–month sentences imposed on Counts I and II. Thus, as a practical matter, counsel's alleged malfeasance had no effect on the ultimate result because even if Ramirez had not been convicted on Counts III and IV, he still would be serving 293 months in prison.

### Conclusion

For all of the foregoing reasons, Ramirez' motion to vacate his sentence is denied.

IT IS SO ORDERED,