Appellant, Gary L. Caskey, has appealed from his conviction for assault in the Wayne County Municipal Court. This Court affirms.
 I.
Caskey was charged with assaulting Marc Husman in violation of R.C.2903.13(A). The court appointed counsel for Caskey, and the case was tried to the bench. At the conclusion of the trial, the trial court entered a finding of guilty. Caskey was sentenced to one hundred and eighty (180) days in jail, and two (2) years of probation; however, one hundred and twenty (120) days of the jail term were suspended.
Caskey timely appealed, and has set forth two assignments of error.
 II. FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION, PREJUDICIAL TO THE RIGHTS OF THE APPELLANT BY FAILING TO ALLOW THE APPELLANT TO INTRODUCE EVIDENCE OF THE VICTIM'S BIAS, PREJUDICE OR MOTIVE TO LIE ABOUT THE APELLANT.
Caskey has argued that the trial court abused its discretion by denying him the opportunity to introduce evidence of Husman's bias, prejudice or motive to lie about Caskey. After completely reviewing the transcript provided, this Court is not convinced that the trial court abused its discretion or materially prejudiced Caskey by not admitting certain evidence of Husman's bias or prejudice against Caskey.
It is within the trial court's sound discretion to determine whether evidence is relevant, and whether relevant evidence should be excluded.State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. The decision of the trial court will be reversed only upon a finding that the trial court abused its discretion and materially prejudiced a party.Williams v. Oeder (1995), 103 Ohio App.3d 333, 341. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In this case, the trial court did hear testimony that demonstrated that Caskey and Husman had a history of encounters. The court even went as far as to allow evidence that Caskey had called the police on Husman on a previous occasion. However, the trial court was within its discretion to determine that the details of prior interactions between the two men were not relevant to what happened on the night that this incident occurred.
Caskey's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE DEFENDANT WAS NOT AFFORDED EFFECTIVE ASSISTANCE OF COUNSEL AND HIS COUNSEL'S PERFORMANCE WAS SO DEFICIENT AS TO DEPRIVE THE DEFENDANT OF A FAIR TRIAL IN THIS CASE.
In his second assignment of error, Caskey has argued that he did not receive effective assistance of counsel. This Court disagrees.
In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonable representation, and that this deficient performance resulted in prejudice to the appellant. Strickland v.Washington (1984), 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674,693. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id. at 689, quoting Michel v. Louisiana (1955), 350 U.S. 91,101, 76 S.Ct. 158, 100 L.Ed. 83, 93. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990),51 Ohio St.3d 160, 174.
Caskey has advanced three claims to support his second assignment of error: (1) he was not advised of his right to a jury trial; (2) Caskey's appointed counsel failed to contact, investigate, and call on his behalf the witnesses at the scene identified by Caskey to his attorney; and (3) Caskey's attorney failed to proffer testimony setting forth the complete nature of Husman's bias and prejudice against him after the trial court sustained the objections of the state. Careful review of the record reveals that claims one and two are supported solely by an affidavit attached to Caskey's appellate brief.
"An affidavit, attached to an appellate brief, cannot be considered as part of the record on appeal if the affidavit does not otherwise appear in the trial court's record." Middletown v. Allen, (1989), 63 Ohio App.3d 374, part four of syllabus. In the case sub judice, the affidavit was executedafter the journal entry of sentence was filed. This evidentiary material is outside the scope of the direct record, and, therefore, must be disregarded. See App.R. 9(A). As a court of record, this Court cannot review the proffered affidavit.
Finally, Caskey has asserted that defense counsel failed to proffer testimony setting forth the complete nature of Husman's bias and prejudice. As stated earlier, the trial court admitted into evidence testimony regarding the relationship between Caskey and Husman, but found that specific details regarding their previous confrontations were not relevant to the case at issue.
As Caskey has failed to support his claims with any material from the record prescribed by App.R. 9(A), his undeveloped ineffective assistance of counsel claim fails to satisfy the rigorous Strickland standard. Accordingly, Caskey's second assignment of error is overruled.
 III.
Having found no abuse of discretion on the part of the trial court and that Caskey received effective representation of counsel, the judgment of the Wayne County Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
BATCHELDER, P.J., BAIRD, J. CONCUR.