DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Michael Maggy, appeals from his convictions on two counts of rape, two counts of gross sexual imposition, and one count of sexual battery in the Medina County Court of Common Pleas. This Court affirms in part and reverses and remands in part.
 I.
On October 20, 1999, Maggy was indicted on seven felony sexual offenses. Maggy was charged with: Count I, rape; Count II, rape by force; Count III, sexual battery; Count IV, gross sexual imposition; Count V, gross sexual imposition; Count VI, gross sexual imposition; and Count VII, gross sexual imposition. Five of the counts were charged as acts against children under thirteen years of age.
Pursuant to plea negotiations, Maggy pled guilty to two counts of rape, two counts of gross sexual imposition, and one count of sexual battery. Maggy also agreed to the designation as a sexual predator pursuant to R.C. 2950.09 as part of his plea negotiations. In return the state dismissed two counts of gross sexual imposition (Counts IV and V).
After a pre-sentence investigation, Maggy was sentenced on the rape counts (Counts I and II) to two life prison terms to be served consecutively. Maggy was also sentenced to four years on the sexual battery conviction (Count III), four years on the gross sexual imposition conviction (Count VI), and twelve months on gross sexual imposition (Count VII). All of these sentences were ordered to be served consecutively.
Pursuant to the plea agreement, the Court found Maggy to be a sexual predator as well.
Maggy filed a timely appeal and asserts three assignments of error on appeal.
 II. ASSIGNMENT OF ERROR I THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW ON COUNT THREE OF THE INDICTMENT.
In his first assignment of error, Maggy claims that the trial court erroneously sentenced him under Count III, sexual battery, R.C.2907.03(A)(2), to a felony of the third degree, when, in fact, at the time of the conduct alleged in the charge, the offense was a felony of the fourth degree. The State concedes that the sexual battery offense was a felony of the fourth degree at the time and that resentencing is appropriate. Maggy's first assignment of error is, therefore, sustained.
 ASSIGNMENT OF ERROR II THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO PROPERLY NOTIFY THE APPELLANT OF THE DATE, TIME, AND LOCATION OF THE SEXUAL PREDATOR HEARING.
In his second assignment of error, Maggy asserts as error the trial court's failure to hold a sexual predator hearing.
Although Maggy admits that he stipulated to this designation at the trial court, he claims the court was still required to hold a hearing despite his stipulation. This Court has previously rejected this argument in State v. Brintzenhofe, Summit No. 18924, May 12, 1999. In addressing this issue, this Court stated:
 By stipulating to a particular designation and the related reporting and community notification requirements, he has waived his right to complain about the trial court's imposition of the same.
See, also State v. Clay, Ninth District 19561 (Feb. 16, 2000).
Accordingly, Maggy has waived his right to a hearing and his second assignment of error is overruled.
 ASSIGNMENT OF ERROR III APPELLANT'S CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED.
In his third assignment of error, Maggy claims he was denied effective assistance of counsel when counsel allowed him to plead to sexual battery as a third degree felony in error and by stipulating to Maggy's designation as a sexual predator. This Court does not find any merit to either argument.
Maggy pled guilty or no contest to five offenses. To prove ineffective assistance of counsel after a plea of guilty, "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."Hill v. Lockhart (1985) 474 U.S. 52, 59. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland v. Washington
(1984), 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674, 693, quotingMichel v. Louisiana (1955), 350 U.S. 91, 101, 76 S.Ct. 158,100 L.Ed. 83, 93. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174.
Maggy argues on appeal that if he had known that sexual battery was a fourth degree felony, instead of a third degree felony, he would not have entered a plea to it. In essence, Maggy is saying that if he had known he would have received a lesser sentence he would not have pled. This defies logic. Obviously, if Maggy felt it was in his best interest to plead to a third degree felony, he would have pled guilty to a fourth degree felony with a lesser sentence for the same offense.
Next, Maggy asserts counsel erred by stipulating to his designation as a sexual predator. Counsel negotiated a plea arrangement whereby Maggy would plead guilty or no contest to five offenses and stipulate to a sexual predator designation in return for the State's dismissal of two counts of gross sexual imposition and the imposition of a possible additional prison term of up to ten (10) years.
Maggy was charged with seven sexual offenses involving five different victims, three of whom were under the age of thirteen. He pled guilty or no contest to five of these offenses. Considering the nature of the offenses, including two counts of forcible rape of a child under the age of thirteen (13) whereby Maggy used a weapon, handcuffs, and threats against the victim; the number of victims; the victims' young age; and the period of time of the offenses, from 1994 to 1997, this Court cannot say counsel erred in advising Maggy to stipulate to the sexual predator designation in order to arrange a plea negotiation.
In conclusion, Maggy has failed to meet his burden of establishing ineffective assistance of counsel, and his third assignment of error is overruled.
 III.
Maggy's first assignment of error is sustained and Count III, sexual battery, is remanded to the trial court for resentencing. Assignments of Error II and III are overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCUR.