PADOVANO, J.
The defendant, Costa T. Vathis, appeals a final order summarily denying his post-conviction motion under rule 8.850 of the Florida Rules of Criminal Procedure. Seven arguments are presented in the appeal but only one merits discussion. The defendant contends that his lawyer should have objected to an emotional outburst in the courtroom. We conclude that this claim is facially insufficient and we therefore affirm the summary denial of the motion.
A jury convicted the defendant of sexual battery on a child under the age of twelve. The child testified for the state during the trial, and when she was finished, her parents allegedly rushed forward in the presence of the jury to escort her back to her seat. The defendant maintains that the parents’ conduct was a form of nonverbal bolstering of the child’s testimony and that he did not receive effective assistance of counsel because his lawyer failed to object or move for a mistrial.
This allegation fails to meet either part of the standard set by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must allege facts that would support a conclusion that his lawyer’s performance was deficient. As the Court explained in Strickland, “This requires [a] showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.” 466 U.S. at 687, 104 S.Ct. 2052. We cannot say that the trial lawyer in this case made an error at all, much less an error so serious as to be the equivalent of a deprivation of the constitutional right to counsel.
All we know from the defendant’s allegation is that his lawyer did not object to the emotional outburst. The argument advanced by the defendant proceeds from this simple fact to an assumption that an evidentiary hearing is required. However, the defendant has not alleged that an objection was necessary, or even that it would have been wise. Some lawyers might conclude that the jurors would see the parents’ emotional display for what it is, and that an objection would be out of place.
The defendant contends that the actions or inactions of an attorney cannot be justified as a trial strategy unless the court has made a finding to that effect after an evidentiary hearing, but this argument assumes that the postconviction motion has first identified some act or omission that is below the applicable standard of performance. If the motion fails to establish that a particular act or omission fell below the standard, there is no need for counsel to explain, or for the court to consider whether the act or omission was strategic. The question here is not whether the defendant’s trial counsel could have objected; rather, it is whether a reasonably effective lawyer would have objected.
*519 In addressing this question we must “indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” Strickland, 466 U.S. at 689, 104 S.Ct. 2052. Furthermore, we have been warned that we should “eliminate the distorting effects of hindsight” in evaluating an attorney’s performance. Id. There are many different ways to provide effective assistance of counsel. That is why the Supreme Court said, “[T]he defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ” Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)). In this case, the defendant has succeeded only in showing that there was no objection. That is not enough to support a conclusion that his lawyer’s performance was constitutionally defective.
The second part of the test in Strickland requires a showing that the action or inaction of counsel was prejudicial. This means that counsel’s errors must have been “so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.” 466 U.S. at 687, 104 S.Ct. 2052. In our view, the allegations of the postconviction motion fall short of meeting this standard. The defendant claims that the parents’ outburst was a form of nonverbal “bolstering” of the child’s testimony, but that is not necessarily so. A more logical deduction from these facts is that the parents were trying, in their way, to comfort a child who had been through the ordeal of testifying. In any event, we would be giving very little credit to the jurors to say that the incident made them more likely to believe the child’s account of the crime. Few criminal trials are completely devoid of emotion. We cannot presume that the emotion shown in this one must have been prejudicial.
Even if we were to speculate that the incident caused some jurors to become unduly sympathetic, that would not establish prejudice. As the documents attached to the trial judge’s order reveal, the jurors were instructed that “[the] case must not be decided for or against anyone because [they] feel sorry for anyone or are angry at anyone.” This instruction was given for a purpose, and we must assume that the jurors followed it in deciding their verdict.
For these reasons we conclude that the defendant’s postconviction motion was properly denied without a hearing.
Affirmed.
KAHN J., concurs.
ERVIN, J., concurs and dissents with opinion.