MEMORANDUM *
Daniel Benjamin appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his state court convictions for petty theft with a prior conviction and possession of ephedrine or pseudoephed-rine with intent to manufacture methamphetamine. We affirm.
*633 Benjamin asserts that he was denied his right to an impartial jury and that his trial counsel was ineffective for his failure to exercise a peremptory challenge to exclude an allegedly biased juror, “No. 8025.” During voir dire, the following colloquy took place between the prosecutor and the juror:
Q: Could you sit and hear this case on the facts that we present and the evidence that we present and not think about your microwave and your door?
A: No. Because its like once you get to a certain point I hate to say it, he’s kind of made it here. To me if he’s made it here, he’s either running with the wrong group that are doing that or he’s guilty.
Q: Would you be able to sit here and hear the evidence and if I do not prove the case, return a not guilty verdict?
A: No. Because he’s got strikes against him already just because he’s here.
Q: Just because he got arrested?
A: Yeah.
Q: Would you agree that everybody in this country has the right to have a case proven against them beyond a reasonable doubt?
A: Not in all cases.
In chambers, the attorneys challenged No. 8025 for cause. The trial court rejected the challenge, stating an initial conclusion that No. 8025 was answering the questions in a specific manner in hopes of being excused from the panel. Neither attorney exercised a peremptory challenge, and No. 8025 was placed on the jury.

1. Right to an Impartial Jury.

A state trial court’s finding of impartiality is “presumptively correct under 28 U.S.C. § 2254[ (e)(1) ].” Smith v. Phillips, 455 U.S. 209, 218, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). Here, the trial judge, after observing all juror comments and behaviors, was in the best position to judge the sincerity of No. 8025’s claims of partiality. Under AEDPA, a habeas petitioner bears the heavy burden of “rebutting the presumption of correctness by clear and convincing evidence.” 28 U.S.C. § 2254(e)(1). Benjamin has not presented sufficient evidence to meet this burden. See United States v. Quintero-Barraza, 78 F.3d 1344, 1350 (9th Cir.1995). Benjamin’s reliance on Dyer v. Calderon, 151 F.3d 970 (9th Cir.1998) (en banc), is misplaced. Dyer was not decided under AEDPA’s deferential standard of review, and in any case, Dyer involved a juror feigning impartiality in order to be seated on the jury, rather than a juror, like No. 8025, feigning bias in order to avoid jury service. See Green v. White, 232 F.3d 671, 677-78 (9th Cir.2000).

2. Ineffective Assistance of Counsel.

To prove a violation of the Sixth Amendment’s requirement of effective assistance of counsel, a habeas petitioner must establish that (1) his attorney’s representation fell below an objective standard of reasonableness and (2) but for his attorney’s errors, there is a reasonable probability that the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because reasonable explanations existed for counsel’s decision not to exercise a peremptory challenge to excuse No. 8025, Benjamin has not met his burden under the “doubly deferential” AEDPA standard of showing that the state court was objectively unreasonable in denying his ineffective assistance of counsel claim. Yarborough v. Gentry, 540 U.S. 1, 6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003); see Strickland, 466 U.S. at 689-90, 104 S.Ct. 2052 (“[A] defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial *634 strategy.’ There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.” (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955))). Here, retaining No. 8025 may have been a reasonable tactical decision because, in addition to the trial court’s stated assessment that No. 8025’s answers were made in hopes of being excused, the record shows he may have harbored resentment toward law enforcement officers.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.