**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4425

_____

JERRY FRAZIER,

Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
(District Court No.: 2-10-cv-01688)
District Judge:  Honorable R. Barclay Surrick

_____

Argued on September 22, 2016

Before:  McKEE, <u>Chief Judge</u>[**], HARDIMAN and RENDELL, <u>Circuit Judges</u>

(Opinion filed:  October 4, 2016)

---

[**] Judge McKee was Chief Judge at the time this appeal was argued. Judge McKee completed his term as Chief Judge on September 30, 2016

Emily R. Derstine Friesen (Argued)
Marc Esterow
Kate A. Mahoney (Argued)
Richard H. Frankel, Esquire
Drexel University
Thomas R. Kline School of Law
3320 Market Street
Philadelphia, PA 19104

Amanda D. Haverstick, Esquire
Reed Smith
1717 Arch Street
Three Logan Square, Suite 3100
Philadelphia, PA 19103

                Counsel for Appellant


Ryan Dunlavey, Esquire (Argued)
Susan E. Affronti, Esquire
Ronald Eisenberg, Esquire
George D. Mosee, Jr., Esquire
R. Seth Williams, Esquire
Philadelphia County Office of District Attorney
Three South Penn Square
Philadelphia, PA 19107

                Counsel for Appellee

_____

O P I N I O N[*]

_____

**RENDELL**, <u>Circuit Judge</u>:

I.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jerry Frazier appeals the order of the U.S. District Court for the Eastern District of Pennsylvania denying his petition for a writ of habeas corpus. Frazier urges that his counsel was ineffective for failing to call Laura Garrett, a potentially exculpatory witness, at trial, and he seeks an evidentiary hearing to probe this issue.

Although the parties contest the applicable standard of review we should apply to the state court's decision, we need not decide that issue to resolve this case. *See, e.g.*, *Taylor v. Horn*, 504 F.3d 416, 453 (3d Cir. 2007). Even under *de novo* review, Frazier cannot rebut the presumption that his counsel performed adequately. Thus, he cannot establish a prima facie case that he was deprived of effective assistance of counsel as guaranteed by the Sixth Amendment. Accordingly, we will affirm the District Court's order.

## II.

Because we write primarily for the parties, we discuss the facts only briefly. In 2003, Jerry Frazier summoned Jose Oquindo from outside Oquindo's home to a nearby street corner. After Oquindo approached, at least two men drew their weapons and began firing. Oquindo died shortly thereafter.

At trial, Oquindo's fiancée Wanda Figueroa, and Oquindo's neighbors George Medina and Juan Carlos Colon, testified as to what they had seen on the night of the murder. Figueroa testified that she had seen two men she could not identify chasing Oquindo down the street firing at him. Medina, a childhood friend of Frazier's, testified that Frazier was not present during the shooting. He also explained that although a 911 recording from the night of the murder captured him implicating Frazier at the scene of

the crime, his statements on the call had been taken out of context. Colon testified that he had seen Frazier shoot Oquindo. Medina's wife, Laura Garrett, was also at the scene of the crime but was not called to testify at trial by either the prosecution or the defense.

After the Commonwealth rested, the trial judge conducted a colloquy with Frazier.

THE COURT:  There are witnesses you can also call; do you understand that?

THE DEFENDANT: Yes.

THE COURT: And it's your decision also not to call witnesses?

THE DEFENDANT: Yes.

THE COURT: You're doing that of your own free will?

THE DEFENDANT: Yes.

THE COURT: Again, no threats or promises were made to get you to do that?

THE DEFENDANT: No.

THE COURT: After discussing this with your attorney, that's what you both decided on?

THE DEFENDANT: Absolutely.

The jury found Frazier guilty of first-degree murder, criminal conspiracy, and possession of an instrument of crime. The Superior Court affirmed the judgment of the sentence on direct appeal. Frazier then filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9541 *et seq.* (2007), asserting, *inter alia*, that his counsel had been ineffective for failing to call Garrett as a witness.  Garrett signed an affidavit stating that she would have testified that she saw Frazier running away from the shooting as it occurred without a gun in his hands. Her affidavit further asserted that she

4

had relayed this information to Frazier's lawyer. The PCRA court denied the petition without a hearing. The Superior Court affirmed, finding that Frazier's colloquy waived his right to challenge counsel's effectiveness for failing to call Garrett. The Pennsylvania Supreme Court denied allocatur.

Frazier then filed a writ of habeas corpus, which the District Court denied, finding that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)'s deferential standard of review, Frazier's claim was without merit. Because it was not an unreasonable determination of the facts for the Superior Court to conclude that Frazier had "knowingly and intelligently waived his right to call *any* witnesses," he could not prevail on his ineffective assistance claim regarding Garrett's testimony. Further, the District Court found that Frazier was not prejudiced by the failure to call Garrett, as her testimony would have been "duplicative" of her husband George Medina's. The District Court also opined that Garrett's testimony would not have been genuinely exculpatory.

## III.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253. We review the District Court's denial of an evidentiary hearing for abuse of discretion. *Grant v. Lockett*, 709 F.3d 224, 229 (3d Cir. 2013). When, as here, the district court does not hold an evidentiary hearing and dismisses a petition based on the state court record, our review is plenary. *Id.* at 229–30.

## IV.

As noted above, the parties contest the standard of review we should apply to the Pennsylvania Superior Court's ruling. Frazier argues that the Superior Court's decision

5

was procedural, as it barred him categorically from asserting his ineffective assistance claim due to his colloquy at trial. Thus, he claims, the decision was not an "adjudication on the merits," as required under § 2254 to warrant deference.[1] Rather, he would have us review the state court's determination *de novo*.

However, we need not decide this issue to resolve the case. For even under *de novo* review of his ineffective assistance of counsel claim, Frazier cannot succeed.

V.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "his counsel provided deficient assistance and that there was prejudice as a result." *Harrington v. Richter*, 562 U.S. 86, 104 (2011).

To demonstrate deficient performance, Frazier must show that his counsel's actions "fell below an objective standard of reasonableness under prevailing professional norms." *Buehl v. Vaughn*, 166 F.3d 163, 169 (3d Cir. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). The inquiry requires courts to be "'highly deferential' to counsel's reasonable strategic decisions and guard against the temptation to engage in hindsight." *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002) (quoting and citing *Strickland*, 466 U.S. at 689–90). Indeed, counsel is presumed to have acted within the range of "reasonable professional assistance," and the defendant bears the

---

[1] 28 U.S.C. § 2254(d) commands that when a State court has "adjudicated [a claim] on the merits," on habeas corpus review federal courts should defer to the State court's decision unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

burden of "overcom[ing] the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting and citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Frazier suggests that in conducting this deficiency inquiry, we must ascertain counsel's actual motivation for every challenged action. This runs contrary to precedent and common sense. *Richter* makes clear, "*Strickland* . . . calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind." 562 U.S. at 110 (citing *Strickland*, 466 U.S. at 688). While it is true that courts cannot "indulge '*post hoc* rationalization' for counsel's decisionmaking that contradicts the available evidence of counsel's actions, *Wiggins* [*v. Smith*], 539 U.S. [510], 526–27 [(2003)], neither may they insist counsel confirm every aspect of the strategic basis for his or her actions." *Richter*, 562 U.S. at 109. Thus, objectively reasonable explanations for counsel's actions ascertainable from the record eliminate the need for an evidentiary hearing investigating counsel's subjective motivations as to trial strategy. *See Thomas v. Varner,* 428 F.3d 491, 501 & n.10 (3d Cir. 2005).

We find that Frazier's counsel performed reasonably in this instance, and thus no evidentiary hearing is required. Arguing otherwise, Frazier likens his case to those where we did remand for evidentiary hearings. *See, e.g.*, *Branch v. Sweeney*, 758 F.3d 226 (3d Cir. 2014); *Siehl v. Grace*, 561 F.3d 189 (3d Cir. 2009). However, there is a critical distinction between his case and those on which he relies: we have ordered evidentiary hearings where the record would leave a reasonable judge questioning why—other than inadvertence—counsel performed as he or she did. But here, it is not so difficult for us to

7

surmise why counsel may not have called Garrett, and why that choice was at least reasonable.

It is clear that not calling Garrett was a matter of strategy rather than inadvertence. Garrett affirmed that she had met with counsel to discuss what she had seen, and that he responded that her testimony was not needed. Further, Frazier confirmed in his colloquy that he had discussed with his counsel not calling other witnesses.

While it is clear counsel made a strategic choice, we must still assess if that strategy was at least reasonable. Although we disagree with the District Court's conclusion that Garrett's statement was merely duplicative of other witnesses' testimony, we still find the choice not to call her reasonable for several reasons. First, the record indicates that Garrett may not have been a reliable witness, based in part on the same biases that the Commonwealth claims discredited Medina. Second, her testimony would have directly contradicted her husband's that Frazier was not at the scene at all. Third, calling Garrett to the stand could have highlighted several facts unfavorable to the defendant, including that she was injured in the exchange while nine months pregnant with George Medina's child.

Also, Frazier's colloquy supports the idea that counsel performed reasonably. Garrett was present in the courtroom during part of the trial, yet Frazier's colloquy indicated clearly that he did not wish to call other witnesses. Regardless of counsel's advice, it seems somewhat implausible that Frazier would have so freely and explicitly waived his right to call Garrett if her testimony would have been as helpful as he now

urges. At the very least, the colloquy helps bolster the conclusion that not calling Garrett was a reasonable course of action.

These reasons, operating in concert with the presumption that counsel performed reasonably, decide this case. Because we find counsel has not performed deficiently, we need not address prejudice.

## VII.

In conclusion, we find that Frazier's petition was properly denied, and we affirm the judgment of the District Court.