**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XUE-BAO CHEN, | No. 15-17151 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-02162-JAD-NJK |
| v. | |
| DWIGHT NEVEN, Warden; NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted November 16, 2016[**]
San Francisco, California

Before: GOULD, CLIFTON, and WATFORD, Circuit Judges.

Xue-Bao Chen appeals the district court's denial of his petition for habeas

corpus under 28 U.S.C. § 2241. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The Nevada Supreme Court correctly identified *Jackson v. Virginia*, 443 U.S. 307 (1979), as the "clearly established Federal law" that governed insufficient evidence claims. 28 U.S.C. § 2254(d)(1). An "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 324. The court's application of *Jackson* was reasonable. The court considered the record evidence in the light most favorable to the State and held that there was sufficient evidence to support Chen's convictions beyond a reasonable doubt. Regarding the key issue of whether a knife caused the victims' injuries, the court properly resolved conflicts of evidence in favor of the prosecution, and its conclusion that there was sufficient evidence to support that result was not unreasonable. *See id.* at 326.

Similarly, the Nevada Supreme Court properly identified *Strickland v. Washington*, 466 U.S. 668 (1984), as the clearly established federal law that governed ineffective assistance of counsel claims. Chen's claims for ineffective assistance of counsel under AEDPA are subject to "doubly deferential" review. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (internal quotation marks omitted). The court's application of *Strickland* was not unreasonable. Chen did not "overcome the presumption that, under the circumstances, the challenged action

2

'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Trial counsel's mention of the presence of a knife in her opening statement was a reasonable tactical decision to acknowledge the anticipated testimony that Chen had a knife. It was consistent with the trial strategy to argue that the victims' injuries were not caused by a knife. The record evidence and trial counsel's closing argument were consistent with the arguments presented in her opening statement. Nor was the court unreasonable in determining that the mention of "prior bad acts" was not "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

**AFFIRMED.**